Gloria Renee WATSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–92–00223–CR.

Court of Appeals of Texas, El Paso.

Aug. 18, 1994.

Ross Teter, Dallas, for appellant.

John Vance, Crim. Dist. Atty., Dallas, for State.

Before BARAJAS, C.J., and KOEHLER and LARSEN, JJ.

*OPINION*

KOEHLER, Justice.

Gloria Renee Watson, Appellant, appeals from a conviction for forgery. Upon an adjudication of guilt, the trial court assessed punishment at ten years' imprisonment and a fine of $500. We reverse and remand for a new punishment hearing.

On April 15, 1987, Appellant pled guilty to the charged offense and pursuant to a plea bargain, the adjudication of her guilt was deferred. She was placed on probation for three years. On March 23, 1992, Appellant entered an open plea of true to a motion to proceed with adjudication of her guilt, and was sentenced to ten years' confinement.

In her sole point of error, Appellant asserts that the trial court violated her right to due course of law guaranteed by Article I, § 19 of the Texas Constitution by prejudging her sentence. The State, characterizing this appeal as one based upon a negotiated plea of guilty, contends that the error, if any, is not reviewable because Appellant failed to comply with the extra-notice requirements of Tex.R.App.P. 40(b)(1). We disagree. Since the order deferring adjudication did not assess punishment and Appellant did not enter into a plea bargain as to the punishment ultimately assessed upon adjudication, the scope of her appeal would be limited, not by Rule 40(b)(1), but rather by the rule established in *Helms v. State,* 484 S.W.2d 925

(Tex.Crim.App.1972).[1] *See Ex parte Hernandez,* 705 S.W.2d 700, 702–03 (Tex.Crim. App.1986); *Ybarra v. Azios,* 751 S.W.2d 727, 728 (Tex.App.—Houston [14th Dist.] 1988, no pet.). Because the complaint raised by Appellant refers to the manner of assessment of punishment which occurred after the adjudication of guilt, its appeal is not barred by the *Helms* rule. *See Jack v. State,* 871 S.W.2d 741, 744 (Tex.Crim.App.1994); *Howard v. State,* 830 S.W.2d 785, 786 (Tex.App.—San Antonio 1992, pet. ref'd).

 It is a denial of due process and due course of law for the court arbitrarily to refuse to consider the entire range of punishment for an offense or to refuse to consider the evidence and impose a predetermined punishment. *See Earley v. State,* 855 S.W.2d 260, 262 (Tex.App.—Corpus Christi 1993, pet. dism'd); *Howard,* 830 S.W.2d at 787; *Jefferson v. State,* 803 S.W.2d 470, 472 (Tex. App.—Dallas 1991, pet. ref'd). In the absence of a clear showing to the contrary, we will presume the trial judge was a neutral and detached officer. *Earley,* 855 S.W.2d at 262; *Fielding v. State,* 719 S.W.2d 361, 366 (Tex.App.—Dallas 1986, pet. ref'd).

Appellant maintains that reversal is required because the judge assessed a "promised" punishment. She points to the following comments by the trial court made immediately following the imposition of sentence:

> [The Court]: As a term and condition of parole, you're to pay all court costs, attorney fees, and the fines assessed. I need to see you within thirty days after you're released from the penitentiary. Now, if you want to do me like you did on probation, go on about your business, I'm going to find you again just like I did this time. I'm sure this time—and I'm sure this time will be an inopportune time for you, you figure all this stuff is behind you, right?
>
> [Appellant]: Yes.

[The Court]: Oh, you knew I was looking, right?

[Appellant]: Yes.

[The Court]: So you know and understand that when you get out of the pen and you don't show up that I will be looking for you and if it takes another five, six, ten years to find you, I'm going to, wherever you are, and I'm going to bring you right back here and I'm going to send you right back to the pen, and when you get out you'll have thirty days to come and see me. *You don't come and see me, I will come back and look for you, and you've got ten years; you understand that?*

[Appellant]: *Yes, sir.*

[The Court]: *And that's what I told you that you were going to end up with if you messed up; didn't you? You understood that?*

[Appellant]: *Yes, sir.*

[The Court]: *So I kept my word; didn't I?*

[Appellant]: *Yes, sir.*

[Emphasis added].

 The State, citing *Cole v. State,* 757 S.W.2d 864 (Tex.App.—Texarkana 1988, pet. ref'd), argues that Appellant waived error by failing to object. In *Cole,* the defendant claimed that the trial court prejudged his sentence and failed to consider mitigating evidence. The Court of Appeals, noting that the defendant had been given the opportunity to object, held that error was waived for failure to voice an objection to the imposition of punishment or to the trial court's alleged failure to consider the evidence. *Cole,* 757 S.W.2d at 866.[2]

 The instant case is distinguishable from *Cole* in that the need to object was not apparent until after sentence had been imposed, and thus, Appellant did not have an opportunity to object to the trial court's action. After sentencing, the only remedies available to Appellant were a motion for new

---

1. Where there is no plea bargain, and a plea of guilty is voluntarily and understandingly made, all nonjurisdictional defects, including claimed deprivations of federal due process, are waived. *Shallhorn v. State,* 732 S.W.2d 636, 637 (Tex. Crim.App.1987).

2. The Court also found waiver because the defendant's motion for new trial contained only a general allegation that he was denied due process in the sentencing procedure. *Cole,* 757 S.W.2d at 866.

trial, a motion in arrest of judgment, or appeal. *See State v. Evans*, 843 S.W.2d 576, 578 (Tex.Crim.App.1992). Although a motion for new trial may, even in the absence of a contemporaneous objection, preserve an alleged due process violation if the defendant did not have an opportunity to object at trial, *see e.g., Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim.App.1992), it is not a prerequisite to presenting a point of error on appeal. Tex.R.App.P. 30(a). Because Appellant did not have an opportunity to object, we find that she did not waive error. *See Borders v. State*, 846 S.W.2d 834, 835 (Tex.Crim.App. 1992); *Issa*, 826 S.W.2d at 161; *see also Jefferson*, 803 S.W.2d 470.

■ It is evident that the trial judge was admonishing Appellant against regarding the terms and conditions of parole as lightly as she had her probationary terms. In making his point, however, the trial judge reminded Appellant that he had sentenced her to a term of ten years as promised when he took her guilty plea in April 1987. Those comments reflect that he assessed her punishment, not based upon the evidence adduced at the hearing or after considering the full range of punishment, but rather in accordance with a prejudged sentence. Consequently, the trial court violated Appellant's right to due course of law. *Jefferson*, 803 S.W.2d 470; *Earley*, 855 S.W.2d 260; *Howard*, 830 S.W.2d 785. Point of Error No. One is sustained.

Having sustained Appellant's sole point of error, we reverse the judgment of the trial court and remand the cause for a new punishment hearing. *See Issa*, 826 S.W.2d at 161; Tex.Code Crim.Proc.Ann. art. 44.29(b) (Vernon Supp.1994); *see also Levy v. State*, 818 S.W.2d 801, 803 (Tex.Crim.App.1991).