**Leo John NIRSCHL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–95–0320–CR.**

Court of Appeals of Texas, Amarillo.

May 23, 1996.

Discretionary Review Refused Aug. 28, 1996.

Law Offices of Warren L. Clark (Warren L. Clark), Amarillo, for appellant.

Potter County District Attorney (Rebecca King) (John L. Owen), Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and QUINN, JJ.

QUINN, Justice.

Appellant, Leo John Nirschl, appeals from an adjudication of guilt and life sentence. In his sole point of error, appellant asks whether the court erred in denying him a punishment hearing after the court adjudicated him guilty.[1] However, the true issue involves the

---

1. The court had previously deferred appellant's adjudication of guilt and placed him on commu-
nity supervision. The State later moved to have his guilt adjudicated. The court convened a

need and manner in which to preserve such a complaint. Concluding that the error was not preserved, we overrule the point.

 It is axiomatic that after an adjudication of guilt, the trial court must extend the defendant opportunity to present evidence upon the issue of punishment. *Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim.App. 1992). The rule is simple, self-explanatory, and without any hidden nuance. Yet, despite its clarity, it all too often goes ignored. Should that circumstance occur, a defendant is not entitled to sit back, remain silent, and simply complain to the appellate court. Quite the contrary, he must broach the matter with the trial judge. *Gober v. State*, 917 S.W.2d 501, 502 (Tex.App.—Austin 1996, no pet.); *Christian v. State*, 870 S.W.2d 86, 88 (Tex.App.—Dallas 1993, no pet.); *accord Borders v. State*, 846 S.W.2d 834, 835–36 (Tex.Crim.App.1992) (holding that the matter was not waived since the appellant presented it to the trial court via his motion for new trial). Furthermore, he can do this in either of two ways, that is, by contemporaneous objection or by motion for new trial. *Id.*

In so raising the mistake, the appellant comports his actions with Texas Rule of Appellate Procedure 52(a). According to that rule, a litigant must present the alleged error "to the trial court [by] a timely request, objection or motion, stating the specific grounds for the ruling ... desired" as a prerequisite to asserting it on appeal. *Tex. R.App.P.* 52(a). The purpose for this requirement involves efficiency and common sense. Those who drafted the rule recognized that the trial court stood in the best position to expeditiously avoid potential or cure actual error arising at trial. Thus, they

demanded that the trial judge be accorded a chance to rectify the situation. *See Cross Marine, Inc. v. Lee*, 905 S.W.2d 22, 25–26 (Tex.App.—Corpus Christi 1995, writ denied) (stating that judicial economy dictates that issues be raised first in the trial court).[2]

 Here, appellant neither objected when the error purportedly occurred nor moved for new trial. Thus, he failed to preserve the point.

Accordingly, we affirm the judgment.

---

hearing, granted the motion, adjudicated him guilty and sentenced him to life.

2. To the extent that *Watson v. State*, 884 S.W.2d 836 (Tex.App.—El Paso 1994, pet. granted) purports to relieve the appellant from first complaining to the trial judge, we believe it wrong. The opinion reveals no effort on the part of the court to heed the directive of or reconcile its decision with Texas Rule of Appellate Procedure 52(a). Indeed, the court there recognized that appellant could have. moved for new trial but quickly brushed that avenue aside via the statement that such a motion "is not a prerequisite to presenting a point of error on appeal." *Id.* at 839.

Then, it simply concluded that the appellant "did not have an opportunity to object" at the time the error was made. *Id.* at 838–39. Yet, the rule demands objection at the earliest opportunity. *Penry v. State*, 903 S.W.2d 715, 763 (Tex.Crim. App.), *cert. denied,* —— U.S. ——, 116 S.Ct. 480, 133 L.Ed.2d 408, (1995). If the earliest opportunity presented itself post judgment via a motion for new trial, there is no reason why Watson should be freed from having to take it. Nor did the *Watson* court deign to provide a reasonable explanation. In short, we opt not to follow *Watson* because it lacks legal foundation.