Gary Jefferson VIDAURRI, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–98–0235–CR

Court of Appeals of Texas, Amarillo.

Nov. 10, 1998.

Rehearing Overruled Dec. 10, 1998.

Law Offices of Elyse D. Blount (Elyse D. Blount), Amarillo, for appellant.

Potter County District Attorney (Rebecca King) (John L. Owen), Amarillo, for appellee.

Before QUINN and REAVIS JJ., and CHARLES L. REYNOLDS, Senior Judge*

BRIAN QUINN, Justice.

Gary Vidaurri appeals from a judgment under which he was convicted of indecency with a child. Pursuant to a plea bargain and guilty plea, the trial court initially placed appellant on deferred adjudication. Subsequently, he was adjudicated guilty and assessed punishment. His two points of error involve the purported failure of the trial court to afford him a punishment hearing prior to sentencing and the voluntariness of his guilty plea. We dismiss in part and affirm in part.

### Jurisdiction of Appeal

■ The State contends that we have no jurisdiction to entertain the cause since appellant filed a general notice of appeal. That is, because appellant pled guilty and was placed on deferred adjudication pursuant to the plea bargain, he was obligated to tender a notice of appeal complying with Texas Rule of Appellate Procedure 25.2(b)(3). This he did not do.

Rule 25.2(b)(3) requires that one appealing from a judgment rendered upon a plea of guilty and receiving punishment no greater than that recommended by the State (and agreed to by appellant) must include at least one of three statements in his notice of appeal. The three statements are: 1) that the appeal involves a jurisdictional defect, 2) that the substance of the appeal was raised below by written motion and ruled upon by the court, or 3) that the trial court granted permission to appeal. Tex.R.App. P. 25.2(b)(3). Moreover, it is the inclusion of these statements which vests us with jurisdiction over the appeal. Should they be omitted, we are restricted to considering only those points

averring jurisdictional defects or impugning the voluntariness of the initial plea. *Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App. 1996) (involving the predecessor to the current rule of appellate procedure); *see Watson v. State*, 924 S.W.2d 711, 714–15 (Tex. Crim.App.1996) (holding that the rule also applies to those attempting to perfect an appeal after their community supervision is revoked and they are adjudicated guilty).[1]

As previously mentioned, appellant pled guilty and had his adjudication of guilt deferred pursuant to a plea bargain. The court subsequently adjudicated him guilty and sentenced him to prison. Thereafter, appellant filed a notice of appeal that contained none of the statements required by Rule 25.2(b)(3). Consequently, we have jurisdiction over the appeal only to the extent that the points asserted concern a jurisdictional defect or the voluntariness of his plea.

### Point of Error One

■ In his first point of error, appellant argues that the trial court erred in assessing appellant's punishment without first conducting a punishment hearing. We overrule the point for two reasons. First, it does not implicate a jurisdictional defect as illustrated by the simple fact that the complaint can be waived. *See Nirschl v. State*, 923 S.W.2d 218 (Tex.App.—Amarillo 1996, pet. ref'd) (wherein we held that a like claim was waived). If a complaint is jurisdictional, *i.e.*, if it concerns the court's power to adjudicate the dispute, it cannot be waived. *See Flowers v. State*, 935 S.W.2d at 134 n. 4 (defining what constitutes a jurisdictional defect). If the dispute can be waived, as is the case here, then it must not be jurisdictional. Thus, we cannot consider it on appeal.

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

1. Of late, question has arisen about whether *Flowers* remains controlling. Though *Flowers* dealt with the recitals required in a notice of appeal under the pre–1997 Rules of Appellate Procedure, the old Rule 40(b)(1) and the current Rule 25.2(b)(3) are identical. Being identical, there is no reason to interpret them differently. *See Boyd v. State*, 971 S.W.2d 603, 605–06 (Tex. App.—Dallas 1998, no pet. h.) (holding that in-

corporation of identical wording in a new rule is tantamount to approving prior judicial interpretations of the old). The suggestions of Judges Baird and Overstreet to the contrary in their comments to the new rules are unfounded. While the topic may have been broached among the judges of the Texas Court of Criminal Appeals, nothing in the rules which that court actually adopted signals any deviation from, or nullification of, *Flowers*.

■ Second, even if jurisdiction existed, we note that appellant neither objected to the error at the time it occurred nor otherwise brought it to the trial court's attention afterwards. Under such circumstances, the complaint was waived. *Nirschl v. State,* 923 S.W.2d at 219.

### Point of Error Two

In his second and last point, appellant attacks the voluntariness of his initial plea. Consequently, we have jurisdiction to address it. *Flowers v. State, supra.* Appellant contends that the plea was involuntary due to various head injuries he had suffered, his "inadequate mental capabilities," and the trial court's improper admonishment as to the range of punishment. We overrule this point as well.

■ As to the admonishment, appellant contends the court improperly informed him that the range of punishment was two to twenty years imprisonment. Instead, he should have allegedly been told that the range was two to ten years. Yet, the record indicates that the State indicted appellant for intentionally and knowingly engaging in sexual contact with a minor by touching the minor's genitalia. Engaging in sexual contact with a minor is a felony of the second degree. TEX. PEN.CODE ANN. § 21.11(c) (Vernon 1994). Such a felony carries a term of incarceration of anywhere from two to twenty years. *Id.* at § 12.33(a). Thus, appellant is wrong; the court correctly admonished him. Having been correctly admonished, we can hardly hold that the admonishment somehow rendered appellant's plea involuntary.

■ As to the purported head injuries and mental inadequacies, we interpret the argument to be one implicating appellant's mental competence to enter a plea and acknowledge that statute requires one pleading guilty to be mentally competent. TEX.CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon 1989). Competence is presumed until the accused (or ·appellant here) proves otherwise by a preponderance of the evidence. *McGowin v. State,* 912 S.W.2d 837, 840 (Tex.App.—Dallas 1995, no pet.). In other words, appellant was obligated to prove that he lacked: 1) the

sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or 2) a rational and factual understanding of the proceedings against him. TEX.CODE CRIM. PROC. ANN. art. 46.02, § 1(a) (Vernon 1979); *Means v. State,* 955 S.W.2d 686, 688 (Tex.App.—Amarillo 1997, pet. ref'd); *McGowin v. State,* 912 S.W.2d at 840. He did neither.

■ The evidence of record indicates that appellant had suffered head injuries which caused him to be forgetful. Nevertheless, at the plea hearing, his attorney informed the court that he had reviewed a "psychiatric evaluation" performed upon his client and believed appellant was competent "now as well as ... at the time of the offense." Moreover, appellant not only answered each question posed to him without apparent difficulty, but also engaged in a brief, cogent discussion with the court about the effect false accusations would have upon his community supervision. The aforementioned mental evaluation, which was admitted into evidence at a later hearing, also indicated that he had an intelligence quotient of 90, 8th grade reading skills, and 7th grade reading comprehension. Additionally, although the individual performing the evaluation concluded appellant was immature and "socially child-like," nowhere did he assess him to be incompetent. Given this evidence, we are unable to say that appellant was incompetent or that his head injuries or "inadequate mental capabilities" prevented him from entering a voluntary plea.

Accordingly, we dismiss for want of jurisdiction that portion of the appeal involving the alleged denial of a punishment hearing and affirm the judgment entered below.