NAVA V. STATE

NO. 07-99-0219-CR

NO. 07-99-0220-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 10, 2000

______________________________

CONRAD NAVA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF POTTER COUNTY;

NOS. 37,276-B and 37,277-B; HONORABLE SAMUEL C. KISER, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ. 

Upon hearing evidence and finding that appellant Conrad Nava had violated the terms and conditions of his deferred adjudication for the offense of aggravated assault with a deadly weapon, the trial court assessed punishment at eight years confinement.  By a sole issue, appellant contends the trial court erred in adjudicating him guilty and immediately sentencing him to eight years confinement without giving him an opportunity to be heard on the issue of punishment, in violation of his due process rights.  Based upon the rationale expressed herein, we must dismiss for want of jurisdiction.

The State contends that we have no jurisdiction to entertain the appeals because appellant filed a general notice of appeal in each case omitting one of the three notice requirements for appealing from a plea of guilty.  
See
 Tex. R. App. P. 25.2(b)(3).  When the requirements of Rule 25.2(b)(3) are not met, we are limited to reviewing only those issues raising jurisdictional defects or challenging the voluntariness of a plea.  Flowers v. State, 935 S.W.2d 131, 134 (Tex.Cr.App. 1996); Vidaurri v. State, 981 S.W.2d 478, 479 (Tex.App.–Amarillo 1998, pet. granted).

A contention that the trial court erred in assessing punishment without first conducting a punishment hearing is a complaint that can be waived. 
See
 Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Cr.App. 1999); 
see also
 Nirschl v. State, 923 S.W.2d 218, 219 (Tex.App.–Amarillo 1996, pet. ref’d) (failing to conduct a punishment hearing did not implicate a jurisdictional defect).  A jurisdictional defect, however, cannot be waived.  
Flowers
, 935 S.W.2d at 134 n.1 (defining jurisdictional defect).  Thus, because failure to conduct a punishment hearing is not jurisdictional, we cannot consider it on appeal.
(footnote: 1)
 Accordingly, we dismiss both appeals for want of jurisdiction.

Don H. Reavis

    Justice 

Do not publish.

FOOTNOTES
1:
The record reflects that the notices of appeal were filed before the appointment of appellate counsel.