In The

 Court of Appeals

 Sixth Appellate District of Texas at Texarkana


 ______________________________


 No. 06-01-00106-CR

 ______________________________





 CHARLIE MYLRE VAUGHN, Appellant


 V.


 THE STATE OF TEXAS, Appellee




 


 On Appeal from the 124th Judicial District Court

 Gregg County, Texas

 Trial Court No. 28131-B


 




 Before Cornelius, C.J., Grant and Ross, JJ.

 Opinion by Justice Grant


 O P I N I O N


 Charlie Vaughn appeals from the revocation of her community supervision and the
imposition of a sentence of two years' confinement in a state jail facility. 

 At the revocation hearing, Vaughn pleaded true to five violations of conditions of her
community supervision. She admitted a drug problem, and she was pregnant at the time of the
hearing. The evidence also shows that she has a two-year-old and an eight-month-old child and
that they were being cared for by Vaughn's mother. At the time of the trial, the evidence showed
that Vaughn's mother was about to begin chemotherapy.

 Vaughn contends in a single point of error that the trial court committed reversible error
by refusing to consider other options and that the trial court erred in failing to consider the full
range of punishment options available at her revocation hearing.

 Vaughn contends that reversal is required because the judge's remarks at the hearing
indicate he wholly failed to consider other options available for punishment and demonstrated a
commitment to a predetermined outcome. In the complained-of comments the trial court stated

 THE COURT: You didn't last long. It didn't take you long to
decide you wanted to do what you want, not what this Court ordered you to do. 
You come here and ask for mercy today. Well, I'm going to tell you this. I gave
you mercy back in January. I regret the mercy I showed you. I'm going to correct
my mistake this very moment. I revoke your probation. I assess your punishment
as two calendar years day for day in a state jail facility, to be served in the
therapeutic community of that facility. I give you credit on that sentence for any
time spent in jail up to this point. Any reason in law that sentence should not now
be formally pronounced?


 [DEFENSE COUNSEL]: No, your Honor.

 Vaughn contends the trial judge refused to consider the full range of punishment options
available, specifically, the option of continuing her on community supervision, and also that the
court should have considered her unchallenged mitigating evidence. In making her argument, 
Vaughn directs this court to Hull v. State, 29 S.W.3d 602 (Tex. App.SHouston [1st Dist.] 2000,
pet. granted). In Hull, the Houston court recognized that a trial judge had made remarks
showing that he had committed himself to revoke probation for any violation whatsoever, no
matter what exigent circumstances existed. Id. at 604. The court held that was error because it
rendered the court unable to apply the law the Legislature enacted. (1) The court concluded that the
no tolerance probation shared the same quality of predetermination that has been consistently
disapproved in cases involving pre-announced sentences. See McClenan v. State, 661 S.W.2d
108, 110 (Tex. Crim. App. 1983) (an arbitrary refusal to consider the entire range of punishment
would constitute a denial of due process). 

 The initial question is whether the issue has been preserved for appellate review. This
court reviewed a similar situation in Cole v. State, 757 S.W.2d 864 (Tex. App.STexarkana 1988,
pet. ref'd). (2) In that case, the defendant claimed the trial judge prejudged his sentence and failed
to consider mitigating evidence. We noted the defendant had been given the opportunity to
object, but failed to raise any objection to the punishment or the procedures followed, either at
the initial granting of deferred adjudication or at the punishment hearing or sentencing. We held
that error was waived for failure to voice an objection to the imposition of punishment or to the
trial judge's alleged failure to consider the evidence. Id. at 865-66 (trial judge wrote on docket
sheet defendant would receive seventy-five years' imprisonment if he violated terms of deferred
adjudication); see also McClenan, 661 S.W.2d at 110. Appellate courts do not consider any
error counsel could, but did not, call to the trial judge's attention when the trial judge could have
avoided or corrected the error. Cole, 757 S.W.2d at 866.

 The Dallas Court of Appeals has since agreed with our reasoning in a factually similar
case, likewise concluding that because there was no objection made to the procedure or the
punishment, the claim of error had been waived. Cole v. State, 931 S.W.2d 578, 580 (Tex.
App.SDallas 1995, pet. ref'd).

 There are cases in which appellate courts have concluded waiver was inapplicable, but
they involved situations where no punishment hearing was conducted, and thus the defendant
had no real opportunity to object. (3) That is not our situation. In this case, Vaughn failed to object
to the judge's comments at the sentencing phase of her revocation hearing or the imposition by
the court of the two years' confinement when there was a clear opportunity to do so. A full
revocation hearing was conducted in which Vaughn pleaded true to violations of her community
supervision and testified on her own behalf. There is no indication in the record the judge had
predetermined that if Vaughn violated her community supervision, he planned on imposing the
maximum sentence. In the absence of a clear showing to the contrary, we are to presume the
trial judge was a neutral and detached officer. Earley v. State, 855 S.W.2d 260, 262 (Tex.
App.SCorpus Christi 1993), pet. dism'd, improvidently granted, 872 S.W.2d 758 (Tex. Crim.
App. 1994).

 In light of these facts, we conclude the claim of error was not preserved for appellate
review. Even if it had been, the record does not show the trial judge had predetermined the
sentence in this case, nor does it show that the court failed to consider Vaughn's mitigating
evidence. The contention of error is overruled.

 We affirm the judgment.




 Ben Z. Grant

 Justice


Date Submitted: December 20, 2001

Date Decided: December 21, 2001


Do Not Publish

1. [1]See Tex. Code Crim. Proc. Ann. art. 42.12, § 22(a) (Vernon Supp. 2002) (probation may
be continued despite violation of terms). The statutory option the judge abandoned in advance in
Hull was that provided by Article 42.12, § 22(a)--the possibility of being continued on probation
despite a proven violation. 
2. [2]Chief Justice Cornelius wrote the opinion, Justice Bleil concurred, and Justice Grant
dissented.
3. [3]In Watson v. State, 884 S.W.2d 836, 838-39 (Tex. App.SEl Paso 1994), rev'd on other
grounds, 924 S.W.2d 711 (Tex. Crim. App. 1996), the court distinguished its case because the
defendant had no opportunity to object before sentence was pronounced. It noted that although due
process claims may be preserved in a motion for new trial, it is not necessary to raise a point in a
motion for new trial in order to preserve the claim for review on appeal.

 The Dallas court, in Jefferson v. State, 803 S.W.2d 470, 472 (Tex. App.SDallas 1991, pet.
ref'd), concluded that the appellant had no reason to request relief (recusal of the trial judge) until
after the judge had assessed punishment. The court concluded the appellant did not knowingly
waive the right to a fair and unbiased tribunal. The court also pointed out that until the judge
assesses punishment, the defendant is entitled to assume that the judge will perform his or her
solemn duty to assess punishment on consideration of relevant evidence. Id. The court also stated
that once the judge assesses punishment based on factors such as his or her promised punishment
period, any recusal motion or objection would be futile. Id.

 The San Antonio court reviewed a similar situation, concluding there was no indication the
appellant had knowingly waived his right to a fair and impartial forum and stating that the record
did not disclose that a lesser sentence than ninety-nine years was ever considered. Howard v. State,
830 S.W.2d 785, 788-89 (Tex. App.SSan Antonio 1992, pet. ref'd).


taches to particular types
of non-criminal acts.


Eisenhauer v. State, 678 S.W.2d at 954 (quoting Illinois v. Gates, 462 U.S. at 243 n.13) .

 In considering the totality of the circumstances in this case, we find that the trial court did
not abuse its discretion in finding probable cause. The following facts were known to the officers
when they searched Johnston's vehicle: The confidential informant told Officer Wingo that Johnston
would be traveling in a green Mazda Navajo, that he would be heading south from Lake of the Pines
en route to Street Creations in Longview, and that he possessed methamphetamine. According to
Wingo, the informant had provided reliable information in the past. In addition, Wingo testified that
he knew Johnston from his work as a narcotics investigator. Wingo and other officers had also
independently corroborated the informant's tip by sighting the green Mazda Navajo, following it to
Street Creations, and identifying Johnston. 

 This information, especially when combined with the other information known to Wingo,
was suffucient to raise a high degree of suspicion and created a reasonable belief that
methamphetamine was located in the vehicle, thus providing the officers with probable cause to
search the vehicle. Illinois v. Gates, 462 U.S. at 230. 

 In his second point, Johnston contends the written statement taken after his arrest was the
fruit of an illegal search of the vehicle and, therefore, the trial court erred in admitting it in evidence. 
Johnston does not challenge the voluntariness of his statement. Because the officers had probable
cause to search the vehicle, Johnston's subsequent voluntary statement was properly admitted. See
Balentine v. State, 71 S.W.3d 763, 774 (Tex. Crim. App. 2002). 


 The judgment is affirmed.



 William J. Cornelius*

 Justice


*Chief Justice, Retired, Sitting by Assignment


Date Submitted: September 11, 2002

Date Decided: January 24, 2003


Publish
1. Miranda v. Arizona, 384 U.S. 436 (1966).