NO. 07-03-0318-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E


 

APRIL 16, 2004


______________________________



RODNEY B. ADAMS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;



NO. 2002-480,548; HON. L.B. (RUSTY) LADD, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN and CAMPBELL, JJ., and BOYD, S.J. (1)

 Appellant Rodney B. Adams appeals his conviction for driving while intoxicated. Via
two issues, he contends the trial court erred in denying his motion to suppress without a
hearing. Doing so purportedly constituted 1) an abuse of discretion under article 28.01(6)
of the Texas Code of Criminal Procedure and 2) a violation of his due process rights. We
affirm the judgment.


 It is settled that 

 as a prerequisite to presenting a complaint for appellate review, the record
must show that . . . the complaint was made to the trial court by a timely
request, objection, or motion . . . stat[ing] the grounds for the ruling that the
complaining party sought . . . with sufficient specificity to make the trial court
aware of the complaint . . . [and] the trial court . . . ruled on the request,
objection, or motion . . . or refused to rule . . . ." 


Tex. R. App. P. 33.1(a). This rule has been held applicable not only to claims involving
allegations of denied due process, e.g. Henderson v. State, 962 S.W.2d 544, 558 (Tex.
Crim. App. 1997) (wherein the appellant contended that she was denied due process
because her attorney lied to her), but also to those involving the failure by a trial court to
conduct a hearing. See e.g. Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App.
1999) (involving the failure to conduct a punishment hearing); Nirschl v. State, 923 S.W.2d
218, 219 (Tex. App.-Amarillo 1996, pet. ref'd) (involving the same). Indeed, requiring the
appellant to first broach the matter with the trial court seems only reasonable. This is so,
as described in Nirschl, because it stands "in the best position to expeditiously avoid
potential or cure actual error at trial." Nirschl v. State, 923 S.W.2d at 219. Thus, it should
"be accorded a chance to rectify the situation." Id.

 Here, nothing in the record before us illustrates that appellant complained, in any
way, to the trial court about its failure to hold a hearing. Nor does appellant assert that he
was denied opportunity to complain or assert his due process allegation. Rather, the
record simply depicts that after the motion was denied, appellant and the State entered into
a plea bargain resulting in his conviction and a 180 day sentence. Given the state of the
record, the mandate of Rule 33.1(a), and the reasonable policy behind allowing trial courts
first opportunity to avoid or correct purported error, we hold that any complaint appellant
had about the lack of a hearing and its ramifications was not preserved for our review.

 The issue is overruled, and the judgment is affirmed.


 Brian Quinn

 Justice


Publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004).