NO. 07-03-0318-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 16, 2004

_____

RODNEY B. ADAMS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 2002-480,548; HON. L.B. (RUSTY) LADD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN and CAMPBELL, JJ., and BOYD, S.J.[1]

Appellant Rodney B. Adams appeals his conviction for driving while intoxicated. Via two issues, he contends the trial court erred in denying his motion to suppress without a hearing. Doing so purportedly constituted 1) an abuse of discretion under article 28.01(6) of the Texas Code of Criminal Procedure and 2) a violation of his due process rights. We affirm the judgment.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

It is settled that

as a prerequisite to presenting a complaint for appellate review, the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion . . . stat[ing] the grounds for the ruling that the complaining party sought . . . with sufficient specificity to make the trial court aware of the complaint . . . [and] the trial court . . . ruled on the request, objection, or motion . . . or refused to rule . . . ."

TEX. R. APP. P. 33.1(a). This rule has been held applicable not only to claims involving allegations of denied due process, *e.g. Henderson v. State*, 962 S.W.2d 544, 558 (Tex. Crim. App. 1997) (wherein the appellant contended that she was denied due process because her attorney lied to her), but also to those involving the failure by a trial court to conduct a hearing. *See e.g. Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999) (involving the failure to conduct a punishment hearing); *Nirschl v. State*, 923 S.W.2d 218, 219 (Tex. App.–Amarillo 1996, pet. ref'd) (involving the same). Indeed, requiring the appellant to first broach the matter with the trial court seems only reasonable. This is so, as described in *Nirschl*, because it stands "in the best position to expeditiously avoid potential or cure actual error at trial." *Nirschl v. State*, 923 S.W.2d at 219. Thus, it should "be accorded a chance to rectify the situation." *Id.*

Here, nothing in the record before us illustrates that appellant complained, in any way, to the trial court about its failure to hold a hearing. Nor does appellant assert that he was denied opportunity to complain or assert his due process allegation. Rather, the record simply depicts that after the motion was denied, appellant and the State entered into a plea bargain resulting in his conviction and a 180 day sentence. Given the state of the record, the mandate of Rule 33.1(a), and the reasonable policy behind allowing trial courts

first opportunity to avoid or correct purported error, we hold that any complaint appellant had about the lack of a hearing and its ramifications was not preserved for our review.

The issue is overruled, and the judgment is affirmed.


Brian Quinn
Justice

Publish.

3