NO. 07-04-0258-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 23, 2004

______________________________

DANIEL LARA, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 154
TH
 DISTRICT COURT OF LAMB COUNTY;

NO. 3808; HON. FELIX KLEIN, PRESIDING

_______________________________

Anders Opinion

_______________________________

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant Daniel Lara appeals from a judgment, after a guilty plea, convicting him of the offense of theft.  The offense was enhanced to a state jail felony because appellant  had two previous convictions for theft.  
  

Appellant’s appointed counsel has filed a motion to withdraw after filing a brief pursuant to 
Anders v. California, 
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing that he has searched the record and found no arguable grounds for reversal.  The brief shows that appellant was informed of his right to review the record and file his own brief.  So too did we inform appellant that any brief he wished to file had to be filed by  August 19, 2004.  To date, neither a response nor a motion for an extension of time has been filed by appellant. 

The trial court inquired into appellant’s competency at the plea hearing.  Although appellant indicated he was taking medication for depression and other medical problems which might cause him not to be able to concentrate, he stated he could communicate with his attorney, he understood the nature of the proceedings against him, he described the offense he allegedly committed, he knew the possible outcome of the proceeding against him, and he had gone over the waivers with his attorney.  Moreover, his counsel stated that he believed appellant was competent, and the trial court so found.   

Competence is presumed until the accused proves otherwise by a preponderance of the evidence.  
Vidaurri v. State, 
981 S.W.2d 478, 480 (Tex. App.—Amarillo 1998), 
rev’d in part on other grounds, 
49 S.W.3d 880 (Tex. Crim. App. 2001).  Thus, there must be evidence that appellant lacked 1) the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or 2) a rational and factual understanding of the proceedings against him.  
Tex. Code Crim. Proc. Ann. 
art. 46.02 §1A(a) (Vernon Supp. 2004).  The record does not demonstrate that he was unable to enter a voluntary plea.  

We conducted our own independent review of the entire record and found no issues warranting reversal.  Appellant’s written confession was admitted into evidence in which he judicially confessed  his guilt as charged in the indictment.  This evidence was sufficient to 
sustain the conviction, 
see Ybarra v. State, 
93 S.W.3d 922, 927 (Tex. App.—Corpus Christi 2002, no pet.); 
Breaux v. State, 
16 S.W.3d 854, 857 n.2 (Tex. App.—Houston [14
th
 Dist.] 2000, pet. ref’d).  Additionally, the punishment levied (two years imprisonment) was within the range prescribed by law. 
 Tex. Pen. Code Ann. 
§12.35(a) (Vernon 2003).     

Accordingly, counsel’s motion to withdraw is granted, and the judgment of the trial court is affirmed. 

Per Curiam

Do not publish.