

# IN THE
# TENTH COURT OF APPEALS

## No. 10-05-00151-CR

DON TERRELL,

                                               **Appellant**

 v.

THE STATE OF TEXAS,

                                               **Appellee**

---

**From the 85th District Court
Brazos County, Texas
Trial Court No. 03-04527-CRF**

---

## OPINION ON REMAND

---

Don Terrell was convicted of indecency with a child and was sentenced to thirteen years in prison. Terrell contends the trial court erred in denying his motion to dismiss because the State's failure to preserve several taped interviews violated his due course of law rights under the Texas Constitution. *See* TEX. CONST. art. I, § 19.

On original submission, this Court, holding that the failure to preserve the tapes did not violate Terrell's due course of law rights, affirmed Terrell's conviction. *See Terrell v. State*, 228 S.W.3d 343, 347-48 (Tex. App.—Waco 2007). Chief Justice Gray

concurred only in the judgment affirming Terrell's conviction. *See id.* at 348-49. The Court of Criminal Appeals reversed and remanded the case to this Court to determine whether Terrell's specific due course of law complaint was timely and specific under Texas Rule of Appellate Procedure 33.1. *See Terrell v. State*, --- S.W.3d ---, 2009 WL 928587 (Tex. Crim. App. Apr. 8, 2009).

Rule 33.1 states, in part:

(a) *In General.* As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context.

Tex. R. App. P. 33.1.

This Rule encompasses the concept of "party responsibility." The complaining party bears the responsibility of clearly conveying to the trial judge the particular complaint, including the precise and proper application of the law as well as the underlying rationale. Error preservation does not involve a hyper-technical or formalistic use of words or phrases; instead, "[s]traight forward communication in plain English" is sufficient. To avoid forfeiting a complaint on appeal, the party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." This gives the trial judge and the opposing party an opportunity to correct the error. Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial. In making this determination, we consider the context in which the complaint was made and the parties' shared understanding at that time.

*Pena v. State*, 285 S.W.3d 459, 463-64 (Tex. Crim. App. 2009) (citations omitted).

In this case, Terrell's specific due course of law complaint is that Article 1, Section 19 of the Texas Constitution provides greater protections than the United States Constitution as it pertains to lost or destroyed evidence and that, because of this, the State's failure to preserve the audiotape and videotape of Terrell's police interview and the audiotape of the victim's police interview violated his due course of law rights under the Texas Constitution. Terrell made the following motion before the trial judge:

> Judge, I also would -- outside the presence of the jury prior to the charging of the jury -- after the closing of the evidence would urge a motion for directed verdict and a motion to dismiss based upon the following facts: Judge, the testimony from Detective Davis indicates that there were two audiotaped statements and one videotaped statement made during the investigation of this case. An audiotape -- an audiotape recording of Don Terrell, a videotape recording that was made of Don Terrell, and an audiotape recording of the complainant [N.M.] that was done on the afternoon of October the 15th, 2003. Detective Davis testified that she was not able to produce those; that they were lost; that there had been attempts made to locate those pieces of evidence but they have been lost. Based upon that -- based upon that testimony and the unavailability of the evidence related to the statements -- the two statements or the audio and videotaped statements of Don Terrell done during the investigation stage and the audiotape of [N.M.], Judge, we would request the Court direct a verdict of acquittal or in the alternative consider a dismissal of the indictment prior to the charging of the jury based upon violation of Mr. Terrell's due process of law rights under the United States Constitution Article 5 -- I mean Amendment 5 and Article -- and the 14th Amendment of the United States Constitution and -- as well as Article 1, Section 19 of the Texas Constitution both of which guarantee due process of law both at the state and federal level.
>
> We would -- I have -- I would also ask that there -- the Court consider other Constitutional guarantees, specifically the inability to render effective assistance of counsel under the United States Constitution, the Sixth Amendment and the Texas Constitution Article 1, Section 10 based upon the unavailability of that material evidence based upon the testimony of Detective Davis.

I have no -- I have done research on this case.  I recognize that there is no indication that there was some intentional misappropriation or exfoliation [sic] of this evidence, it was just lost; nevertheless -- and I've done research based upon that.  I was not able to come up with any case law that would help the Court in this matter.  I also recognize I had a full and adequate opportunity to cross-examine [N.M.] based upon the handwritten statement and collateral and impeach her based on statements that were made or omissions as well.

Terrell did not argue before the trial court that the Texas Constitution provides greater protection than the federal Due Process Clause.  Thus, he failed to preserve his complaint that the due course of law provides greater protection for appellate review.  *See Pena*, 285 S.W.3d at 464 ("We hold that, by failing to distinguish the rights and protections afforded under the Texas due course of law provision from those provided under the Fourteenth Amendment before the trial judge in this context, Pena failed to preserve his complaint that the due course of law provides greater protection for appellate review.").  We thus overrule Terrell's point and affirm the trial court's judgment.


                    REX D. DAVIS
                    Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed December 16, 2009
Publish
[CR25]