AFFIRM; Opinion Filed November 7, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-00851-CR

### NATHANIEL MUNDINE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court
Dallas County, Texas
Trial Court Cause No. F09-12000-U

# MEMORANDUM OPINION

Before Justices Bridges, Richter, and Lang
Opinion By Justice Lang

Nathaniel Mundine appeals his conviction for possession with intent to deliver a controlled substance, cocaine, in the amount of four grams or more, but less than 200 grams. Pursuant to a plea agreement, Mundine entered a plea of guilty, but before entering his plea, Mundine filed a motion to suppress evidence, which was denied without a hearing. In three issues on appeal, Mundine contends that the trial court erred by denying his motion to suppress without conducting a hearing. In his first issue, Mundine argues the trial court erred by denying his motion to suppress without conducting "a full and fair hearing" to determine whether the police's warrantless search and seizure was lawful. Mundine contends in his second issue that the trial court's denial of his motion to

suppress without a hearing, without any evidence being submitted by the State, and when no record was made, denied him procedural due process, as provided by the 14th Amendment to the United States Constitution. In his third issue, Mundine contends that because no evidence was submitted by the State to the trial court before it rendered its order denying his motion to suppress, Mundine was denied his right of due course of law under the Texas Constitution. *See* TEX. CONST. art. I, § 19.

We conclude Mundine has failed to preserve his issues. The trial court's judgment is affirmed. Because all dispositive issues are clearly settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 28, 2009, the manager of the Glenshire Villa Apartments informed a Balch Springs Police Community Service Officer and a Balch Springs Police Chaplain Reverend that there was some "suspicious activity" in one of the apartments. The officer, chaplain, and an apartment security officer went to the apartment and knocked on the door, which was answered by a male. Mundine, who was standing at a bar sink inside the apartment, turned around, and the officer noticed Mundine was "wearing latex gloves and had little orange baggies laying on the bar next to a plate of what appeared to be crack cocaine." Mundine was arrested and later indicted.

On June 10, 2010, Mundine filed a motion to suppress evidence, generally challenging the seizure of the narcotics evidence that led to his arrest. The motion to suppress was set for hearing on four different occasions, but the record does not reflect a hearing ever took place. The trial court signed an order denying the motion to suppress on January 28, 2011, after which Mundine pleaded guilty on June 6, 2011. At oral submission, Mundine's counsel argued the written motion to suppress included a request for a hearing because the motion contained the following language, "Any other reason that may be relevant at the hearing on this motion." However, Mundine's counsel

acknowledges that at no point was any request or motion made that the trial judge hold a hearing after the order was signed or to set aside the denial of the motion to suppress because no hearing was conducted.

## II. STANDARD OF REVIEW

"We review the trial court's ruling on a motion to suppress under an abuse-of-discretion standard." *Johnson v. State*, 359 S.W.3d 725, 729 (Tex. App.—Houston [14th Dist.] 2011, pet. granted) (citing *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005); *Thomas v. State*, 297 S.W.3d 458, 460 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd)). "A trial court does not abuse its discretion when its decision is within the zone of reasonable disagreement." *Yanez v. State*, 199 S.W.3d 293, 302 (Tex. App.—Corpus Christi 2006, pet. ref'd) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (en banc)). "We give almost total deference to the trial court's determination of historical facts but review de novo the trial court's application of the law to those facts." *Johnson*, 359 S.W.3d at 729 (citing *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000), *modified on other grounds, State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006); *Thomas*, 297 S.W.3d at 460).

## III. APPLICABLE LAW

### A. Preservation of Issue for Appeal

"It is well established that, in order to preserve an issue for appeal, a timely objection must be made that states the specific ground of objection, if the specific ground was not apparent from the context." *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) (citing TEX. R. APP. P. 33.1(a)(1)(A)). Furthermore, "if a party fails to properly object to constitutional errors at trial, these errors can be forfeited." *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). Texas courts have found "that numerous constitutional rights, including those that implicate a defendant's due

process rights, may be forfeited for purposes of appellate review unless properly preserved." *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009); *see also In re C.S.*, 198 S.W.3d 855, 857 (Tex. App.–Dallas 2006, no pet.) (noting that appellant did not argue his due process complaints fell into either category of exception to general rule of preservation of error "and we do not believe that they do"); *Belt v. State*, 127 S.W.3d 277, 282 (Tex. App.–Fort Worth 2004, no pet.) (determining appellant failed to preserve for review any violations of his due process rights where appellant did not raise a due process challenge in the court below); *In re C.C.*, 13 S.W.3d 854, 860 (Tex. App.–Austin 2000, no pet.). Similarly, the Court of Criminal Appeals has held an appellant may fail to preserve for appellate review a complaint regarding "the rights and protections afforded under the Texas due course of law provision." *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009); *see also Castilla v. State*, 374 S.W.3d 537, 542 (Tex. App.–San Antonio 2012, pet. ref'd) (deciding appellant failed to preserve his complaint that the trial court's failure to submit a spoliation instruction violated his state constitutional right to due course of law when "he presented no constitutional argument whatsoever to the trial court"); *Terrell v. State*, 311 S.W.3d 561, 563 (Tex.App.–Waco 2009, pet. ref'd) (determining that appellant failed to preserve his complaint that the State's failure to preserve taped interviews violated his due course of law rights).

In addition, other courts have determined "any complaint appellant had about the lack of a hearing and its ramifications was not preserved for [their] review" where "nothing in the record before [them] illustrate[d] that appellant complained, in any way, to the trial court about its failure to hold a hearing." *Adams v. State*, 132 S.W.3d 701, 702 (Tex. App.—Amarillo 2004, no pet.) (mem. op.); *see also Ex Parte Torres*, No. 08-10-00330-CR, 2012 WL 1431660, at *2 (Tex. App.—El Paso Apr. 25, 2012, no pet.) (not designated for publication) (determining no error was preserved "[b]ecause the record [did] not show that Appellant objected to the inadequacy of the motion to

suppress . . . or that he argued to the trial court that [his attorney] rendered ineffective assistance of counsel for failing to schedule a hearing on the pending motion"); *Harris v. State*, No. 06-04-00132-CR, 2005 WL 2076634, at *1 (Tex. App.—Texarkana Aug. 30, 2005, pet. ref'd) (mem. op., not designated for publication) (deciding no preservation of error because "trial counsel did not complain about the procedure followed").

## B. Requirement of a Hearing on a Motion to Suppress

"A trial court 'may,' but is not required to, resolve a motion to suppress evidence in a pretrial hearing under Article 28.01 of the Code of Criminal Procedure." *Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012). "[A] trial court is not required to rule on a motion to suppress before trial, and sometimes a trial court may find it useful to carry the motion along with the trial on the merits." *York v. State*, 342 S.W.3d 528, 550-51 (Tex. Crim. App. 2011). "Because the legislature carefully used the term 'may' throughout art. 28.01 when it intended discretionary acts and procedures and used the terms 'must' or 'shall' when it intended mandatory acts or procedure, [the Court of Criminal Appeals] conclude[d] that the legislature intended to establish a discretionary and informal procedure for the trial court to conduct suppression hearings under art. 28.01, § 1(6)." *Ford v. State*, 305 S.W.3d 530, 539 (Tex. Crim. App. 2009). "A trial judge may use his discretion in deciding what type of information he considers appropriate and reliable in making his pre-trial ruling." *Id.*

## IV. APPLICATION OF LAW TO FACTS

In all three of his issues, Mundine claims the trial court's failure to conduct a hearing was error because it relieved the State of its burden to show that the seizure was lawful. However, his issues address the procedure of the trial court's denial of his motion to suppress evidence, not the merits. Nothing in the record before us shows Mundine complained, in any way, to the trial court

about no hearing being held or what type of information the trial court relied upon in denying the motion. Moreover, a trial court is not required to conduct a hearing on a motion to suppress evidence. *See Black*, 362 S.W.3d at 633; *York*, 342 S.W.3d at 550-51. Regardless, when an alleged error is not brought to the attention of the trial court, no error is preserved for review on appeal. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Buchanan*, 207 S.W.3d at 775; *In re C.C.*, 13 S.W.3d at 860 ("It is a general rule that appellate courts will not consider any error which counsel for accused could have called, but did not call, to the attention of the trial court at the time when such error could have been avoided or corrected by the trial court"); *see also Adams*, 132 S.W.3d at 702. Mundine's issues are not preserved for our review. *See Adams*, 132 S.W.3d at 702.

## V. CONCLUSION

All three of the issues Mundine raised on appeal rest on the contention that the trial court erred in denying Mundine's motion to dismiss without a hearing. These issues are not preserved. Accordingly, we decide appellant's three issues against him and affirm the trial court's judgment.

DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110851F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

NATHANIEL MUNDINE, Appellant

No. 05-11-00851-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the **291ˢᵗ Judicial District Court** of Dallas County, Texas. (Tr.Ct.No. F09-12000-U).
Opinion delivered by Justice Lang, Justices Bridges and Richter participating.

In accordance with this Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered November 7, 2012.

DOUGLAS S. LANG
JUSTICE