**AFFIRM; and Opinion Filed May 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00550-CR

### JOHN RICHARD BUSBEY, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F10-11264-K**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lang-Miers

Appellant John Richard Busbey was convicted of continuous sexual abuse of a child

under the age of 14 and was sentenced to 40 years in prison. Appellant raises three issues on

appeal arguing that (1) the trial court erred because it did not hold an in camera hearing,

(2) appellant was prejudiced by a witness's comment about an extraneous offense, and (3) the

evidence is insufficient to support the assessment of court costs against appellant. We affirm.

#### BACKGROUND

The State's witnesses at appellant's trial included the complainant (appellant's

stepdaughter), and Dr. Karen Patko, a pediatrician who examined the complainant. The

complainant testified that appellant sexually abused her from around the time she was in

kindergarten until the seventh grade when she moved to Vermont with her father. Appellant

began by touching the complainant's vagina. Later the abuse escalated to appellant penetrating

the complainant's vagina with his finger and penetrating the complainant's anus with his penis. Dr. Patko testified that she examined the complainant and concluded that she exhibited evidence of previous injuries to her hymen consistent with "penetrating trauma."

## FIRST ISSUE

In his first issue appellant argues that the trial court erred by not conducting an in camera hearing pursuant to Texas Rule of Evidence 412(c)[1] "regarding evidence of [the] alleged victim's previous sexual conduct." Appellant's first issue relates to the following statement made by his counsel before the trial court began the sentencing phase of trial:

> We approached on the side of the bench, and it was not on the record, but the court advised me that I could make a bill later, and I'm making a bill at this time regarding the evidence that—some questions that I wanted to ask [complainant's mother] that the court ruled I could not ask. And I believe the evidence would show I had a good faith reason for wanting to ask the questions, that on three or four occasions that [complainant's mother] observed her daughter masturbating, and I thought that was important evidence that I would have tried to use to rebut their physical evidence from their doctor as another possible explanation, and the court advised me I could not ask questions along those lines.

We conclude that appellant has not preserved his complaint for appellate review. "It is a general rule that appellate courts will not consider any error which counsel for accused could have called, but did not call, to the attention of the trial court at the time when such error could have been avoided or corrected by the trial court." *Rogers v. State*, 640 S.W.2d 248, 264 (Tex. Crim. App. 1981); *see also* TEX. R. APP. P. 33.1(a)(1)(A). In this case appellant could have, but did not, call to the attention of the trial court his complaint about the lack of an in camera hearing. As our sister court explained, when an appellant complains on appeal that a trial court failed to conduct a hearing,

> requiring the appellant to first broach the matter with the trial court seems only reasonable. This is so . . . because [the trial court] stands in the best position to

---

[1] Texas Rule of Evidence 412, sometimes referred to as the Texas Rape Shield Law, precludes the admission of "reputation or opinion evidence of the past sexual behavior of an alleged victim" except under limited circumstances. *See* TEX. R. EVID. 412.

expeditiously avoid potential or cure actual error at trial. Thus, it should be accorded a chance to rectify the situation.

*Adams v. State*, 132 S.W.3d 701, 702 (Tex. App.—Amarillo 2004, no pet.) (mem. op.) (internal quotations and citation omitted); *see also Terrell v. State*, No. 01-12-00404-CR, 2014 WL 50802, at *1 (Tex. App.—Houston [1st Dist.] Jan. 7, 2014, no pet.) (mem. op., not designated for publication) (appellate court could not address complaint that trial court failed to conduct *Daubert* hearing because defendant "neither requested a *Daubert* hearing nor objected to the lack of one" in the trial court).

Appellant cites *Virts v. State*, 739 S.W.2d 25 (Tex. Crim. App. 1987), and argues that he preserved his first issue for appellate review because he "made an offer of proof regarding an entire line of questioning that he was prevented from asking and argued why it should be admitted." Appellant reads the narrow rule in *Virts* too broadly. In *Holmes v. State*, 323 S.W.3d 163, 170 (Tex. Crim. App. 2009), the Texas Court of Criminal Appeals clarified and restated its holding in *Virts* as follows:

> [W]here the defendant, in cross-examining a State's witness, desires to elicit subject matters that tend to impeach the witness's character for truthfulness—for example, to show malice, ill-feeling, ill-will, bias, prejudice, or animus on the part of the witness toward the defendant—in order to preserve the issue for appellate review, he is not required to show that his cross-examination would have affirmatively established the facts sought, but merely that he desired to examine the witness with regard to those specific subject matters that tend to impeach the witness during his cross-examination.

In this case, according to appellant's description to the trial court quoted above, appellant was not seeking to impeach the complainant's mother's character for truthfulness. Instead, appellant was seeking to raise doubts about the substance of another witness's testimony. As a result, the preservation rule in *Virts* does not apply. *See Holmes*, 323 S.W.3d at 169–71.

We resolve appellant's first issue against him.

## SECOND ISSUE

In his second issue appellant argues that he was "prejudiced by a witness's statement asserting an extraneous offense during the punishment phase of trial." More specifically, appellant notes that during her testimony before the trial court, the complainant's aunt stated, "[Complainant] is not the only child [appellant] ever touched." After this statement, defense counsel said, "I'll object." The complainant's aunt then said, "And I understand why it couldn't come out in this trial." And the trial court responded, "Don't worry about it." On appeal appellant argues that he was prejudiced by the complainant's aunt's statement about other alleged victims because the State did not identify any other victims in the notice of extraneous offenses it filed with the trial court. In response, the State argues that appellant did not preserve his complaint for appellate review. We agree with the State.

In the trial court appellant did not complain about the State's notice of extraneous offenses. As a result, we conclude that appellant did not preserve his complaint for appellate review. *See, e.g.*, *Gregory v. State*, 56 S.W.3d 164, 176 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd) (defendant's complaint about omissions in State's notice of extraneous offenses not preserved for appellate review); *see generally Rogers*, 640 S.W.2d at 264; TEX. R. APP. P. 33.1(a)(1)(A). We resolve appellant's second issue against him.

## THIRD ISSUE

In his third issue appellant argues that the trial court's judgment should be reformed to delete the assessment of $256 in court costs against him because the clerk's record does not contain a bill of costs. He argues that without a written bill of costs, the evidence is insufficient to support the assessment of court costs. The court of criminal appeals recently held that a complaint about the assessment of court costs can be raised for the first time on appeal. *See Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014).

In light of appellant's complaint that the clerk's record did not contain a bill of costs, we ordered the Dallas County District Clerk to file a supplemental record containing the certified bill of costs associated with this case, and the clerk did so. *See Johnson*, 423 S.W.3d at 391–92 (construing rule of appellate procedure 34.5 and concluding that a bill of costs "can be prepared and added to the record via a supplemental clerk's record"). Because the record now contains a bill of costs supporting the assessment of costs in the trial court's judgment, appellant's complaint that the evidence is insufficient is moot. *See Franklin v. State,* 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.).

Appellant filed two objections to the supplemental clerk's record. He complains that the clerk did not file a "proper bill of costs" because (1) it is an unsworn, unsigned computer printout, and (2) the record does not indicate that the bill of costs was filed or brought to the trial court's attention before costs were entered in the judgment. These arguments have been addressed and rejected by the court of criminal appeals and this Court. *See Johnson*, 423 S.W.3d at 392–94; *Coronel v. State,* 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd). We resolve appellant's third issue against him.

## CONCLUSION

We resolve appellant's issues against him and affirm.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

120550F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOHN RICHARD BUSBEY, Appellant

No. 05-12-00550-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F10-11264-K.
Opinion delivered by Justice Lang-Miers.
Justices Myers and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 22nd day of May, 2014.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE