NO. 07-04-0258-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 23, 2004


______________________________



DANIEL LARA, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;



NO. 3808; HON. FELIX KLEIN, PRESIDING


_______________________________



Anders Opinion


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Appellant Daniel Lara appeals from a judgment, after a guilty plea, convicting him
of the offense of theft. The offense was enhanced to a state jail felony because appellant 
had two previous convictions for theft. 

 Appellant's appointed counsel has filed a motion to withdraw after filing a brief
pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
representing that he has searched the record and found no arguable grounds for reversal. 
The brief shows that appellant was informed of his right to review the record and file his
own brief. So too did we inform appellant that any brief he wished to file had to be filed by 
August 19, 2004. To date, neither a response nor a motion for an extension of time has
been filed by appellant. 

 The trial court inquired into appellant's competency at the plea hearing. Although
appellant indicated he was taking medication for depression and other medical problems
which might cause him not to be able to concentrate, he stated he could communicate with
his attorney, he understood the nature of the proceedings against him, he described the
offense he allegedly committed, he knew the possible outcome of the proceeding against
him, and he had gone over the waivers with his attorney. Moreover, his counsel stated that
he believed appellant was competent, and the trial court so found. 

 Competence is presumed until the accused proves otherwise by a preponderance
of the evidence. Vidaurri v. State, 981 S.W.2d 478, 480 (Tex. App.--Amarillo 1998), rev'd
in part on other grounds, 49 S.W.3d 880 (Tex. Crim. App. 2001). Thus, there must be
evidence that appellant lacked 1) the sufficient present ability to consult with his lawyer with
a reasonable degree of rational understanding, or 2) a rational and factual understanding
of the proceedings against him. Tex. Code Crim. Proc. Ann. art. 46.02 §1A(a) (Vernon
Supp. 2004). The record does not demonstrate that he was unable to enter a voluntary
plea. 

 We conducted our own independent review of the entire record and found no issues
warranting reversal. Appellant's written confession was admitted into evidence in which he
judicially confessed his guilt as charged in the indictment. This evidence was sufficient to
sustain the conviction, see Ybarra v. State, 93 S.W.3d 922, 927 (Tex. App.--Corpus Christi
2002, no pet.); Breaux v. State, 16 S.W.3d 854, 857 n.2 (Tex. App.--Houston [14th Dist.]
2000, pet. ref'd). Additionally, the punishment levied (two years imprisonment) was within
the range prescribed by law. Tex. Pen. Code Ann. §12.35(a) (Vernon 2003). 

 Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial
court is affirmed. 

 

 Per Curiam

Do not publish.



nd file a response to counsel's motion and brief. In response
to counsel's brief, appellant has filed a letter with the clerk. His letter states that he has
read through his counsel's brief and Motion to Withdraw, and perceives that counsel was
under the assumption that appellant wanted to appeal his "case that I got probation for." 
Appellant's letter then states that he understands that he made a plea bargain and
received probation; but that what he wanted was "an appeal on . . . the decision that was
made to revoke my probation." He also requests a court appointed attorney to represent
him again.

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109
S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991). Appellant's notice of appeal is a general notice. See Tex. R. App. P. 25.2(b)(3);
Vidaurri v. State, 49 S.W.3d 880, 884-86 (Tex.Crim.App. 2001). In a deferred adjudication
proceeding, appeal as to issues relating to the original deferred adjudication proceeding
must be appealed when the deferred adjudication is first imposed. See id.; Daniels v.
State, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000). Appellant did not do so. Thus, his
notice of appeal did not invoke our jurisdiction as to the original deferred adjudication
proceedings because of its form and because it was not timely to invoke appellate
jurisdiction to review the original proceedings. Id. An untimely notice of appeal will not
invoke the jurisdiction of the court of appeals. See White v. State, 61 S.W.3d 424, 428
(Tex.Crim.App. 2001). If an appeal is not timely perfected, a court of appeals does not
have jurisdiction to address the merits of the appeal, and can take no action other than to
dismiss the appeal. See id.; Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). 
Because appellant did not invoke our jurisdiction to consider matters relating to his original
deferred adjudication proceeding, we must dismiss the appeal as to any such possible
issues. See White, 61 S.W.3d at 428; Vidaurri, 49 S.W.3d at 884-85.

 Appellant's response to his appellate counsel's Anders brief states that he wished
to appeal the trial court's decision to revoke his probation. But, under Tex. Crim. Proc.
Code Ann. art. 42.12, § 5(b) (Vernon Supp. 2002), the trial court's decision to proceed with
an adjudication of guilt is one of absolute discretion and is not reviewable. See Olowosuko
v. State, 826 S.W.2d 940, 942 (Tex.Crim.App. 1992). 

 Appellant was afforded separate and specific opportunity at his hearing to present
evidence and argument on punishment. The trial court specifically addressed appellant
and asked him for input before setting punishment. The punishment assessed was within
the range specified by statute for the crime of which appellant was convicted. We agree
that the record does not support any arguably meritorious error which was harmful to
appellant as to such proceedings over which we have jurisdiction. See Vidaurri, 49
S.W.3d at 884-86. 

 The appeal is dismissed for lack of jurisdiction as to any issues relating to
appellant's original deferred adjudication proceeding. The judgment of the trial court is
affirmed as to any issues unrelated to the original deferred adjudication proceeding. 
Appellate counsel's motion to withdraw is granted. 


 Phil Johnson

 Justice

 



Do not publish.