The STATE of Texas, Appellee,

v.

Bradley Todd EARLEY, Appellant.

Nos. 1036–93, 1037–93, 1038–93 and 1039–93.

Court of Criminal Appeals of Texas.

March 30, 1994.

Ross Teter, Dallas, for appellant.

John Vance, Dist. Atty., and Karen R. Wise, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted of two offenses of burglary of a building (Cause Nos. 1036–93 & 1037–93), and the offense of theft (1038–93). See TEX.PENAL CODE ANN. §§ 30.-02(a)(1) and 31.03(a). The trial court deferred a finding of guilt in the burglary cases and assessed the maximum sentence of ten years confinement for the theft conviction. The trial court later assessed a term of probation on the theft conviction after sending appellant to boot camp. At the time appellant received the deferred probations and sentence, the trial court advised appellant that if he "fouled up" his probation he would probably be given the maximum sentence allowable. The appellant was subsequently convicted of burglary of a vehicle (1039–93). See TEX.PENAL CODE ANN. § 30.04(a).

Following the appellant's commission of burglary of a vehicle, the trial court revoked appellant's probation and assessed the following sentences: twenty years confinement and a $1,000 fine for each burglary conviction; ten years confinement for the theft conviction; and ten years confinement and a $1,000 fine for the burglary of a vehicle conviction. The trial court ordered the four sentences to run consecutively. The Court of Appeals reversed and remanded all four convictions, holding that the trial judge was biased and prejudged the cases before listening to the evidence. *Earley v. State,* 855 S.W.2d 260 (Tex.App.—Corpus Christi 1993).

On October 20, 1993, this Court granted the State's petition for discretionary review on the three grounds presented: (1) that the Court of Appeals erred in reversing the convictions for alleged prejudgment of the cases by the trial court because appellant waived the error by failing to object on this issue at trial; (2) that the Court of Appeals erred in reversing the convictions for alleged prejudgment of the cases by the trial court because the trial court specifically stated that it considered all the evidence before assessing punishment; and (3) that the Court of Appeals erred in failing to consider the State's crosspoint and thereby reform the judgment in Cause No. 1036–93 (Court of Appeals No. 13–92–00332–CR).

We now find that our decision to grant the State's petition for discretionary review was improvident. See Tex.R.App.P. 202(k).

With this understanding, we dismiss the State's petition for discretionary review.

It is so ordered.

MILLER and OVERSTREET, JJ., dissent.