In
The

                                                Court
of Appeals

                       Sixth Appellate District
of Texas at Texarkana

 

                                            ­­­­­______________________________

 

                                                            No.
06-00-00233-CR

                                            ______________________________

 

 

                                         DAVID WHITELEY, Appellant

 

                                                                V.

 

                                    THE STATE OF
TEXAS, Appellee

 

                                              



                                      On Appeal
from the 88th Judicial District Court

                                                            Hardin County, Texas

                                                           Trial
Court No. 14,607

 

                                                 



 

 

                                         Before
Cornelius, C.J., Grant and Ross, JJ.

                                                         Opinion
by Justice Ross

                                               Concurring
Opinion by Justice Grant








                                                                   O P I N I O N

 

David
Whiteley appeals from the adjudication of his guilt following the revocation of
his deferred adjudication community supervision.  At the revocation hearing, he was adjudged guilty of indecency
with a child by sexual contact and was then sentenced to twenty years'
imprisonment.  Whiteley contends on
appeal that he did not receive due process in the sentencing phase of the
proceeding because the trial judge had decided what sentence to impose at the
time Whiteley was placed on deferred adjudication community supervision.  He argues that the judge's commitment to a
predetermined outcome deprived him of the benefit of an impartial judge and of
his liberty without due process of law.








Whiteley
was placed on community supervision on December 6, 1999.  The evidence at the revocation hearing
showed that Whiteley failed to report to his supervision officer during the
months of April and May, 2000, and that he was $200.00 in arrears on his
monthly $40.00 community supervision fees. 
The evidence also showed that although he had paid $325.00 toward his
attorney's fees, he remained $125.00 in arrears on those fees.  The attorney's fees were to be paid in a
lump sum payment, and there was no provision for monthly payments of these
fees.  The evidence also showed that
Whiteley was ordered to perform 300 hours of community service within the first
six months of his community supervision period and that he had performed only
twenty hours through May 2000.  The
evidence finally showed that, although he had participated, he had not
completed a sex offender program, as ordered.

A
defendant may not appeal the trial judge's determination to adjudicate an
original offense.  This denies a court
of appeals any jurisdiction to entertain or consider an appeal, on any grounds,
from the decision to adjudicate.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp.
2001); Connolly v. State, 983 S.W.2d 738, 740-41 (Tex. Crim. App. 1999);
Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).








This
is not an appeal from that determination. 
Rather, Whiteley contends that after adjudication the trial judge
refused to consider the full range of punishment that could be applied and that
the judge's failure to do so violated Whiteley's right to due process.  This contention is based on authority
holding that an arbitrary refusal to consider the entire range of punishment
constitutes a denial of due process.  See
McClenan v. State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983); see also
Hull v. State, 29 S.W.3d 602, 604-05 (Tex. App.SHouston [1st Dist.] 2000,
pet. granted); Earley v. State, 855 S.W.2d 260, 262-63 (Tex. App.SCorpus Christi 1993), pet.
dism'd, improvidently granted, 872 S.W.2d 758 (Tex. Crim. App.
1994); Howard v. State, 830 S.W.2d 785, 787-88 (Tex. App.SSan Antonio 1992, pet.
ref'd); Jefferson v. State, 803 S.W.2d 470, 471-72 (Tex. App.SDallas 1991, pet. ref'd)
(all holding remarks indicating judge was delivering promised outcome showed
lack of impartial consideration of both relevant evidence and statutory
sentencing options); Fielding v. State, 719 S.W.2d 361, 368 (Tex. App.SDallas 1986, pet. ref'd)
(Guittard, C.J., dissenting).  In the
absence of a clear showing to the contrary, we are to presume the trial judge
was a neutral and detached officer.  Earley,
855 S.W.2d at 262.

Whiteley
maintains reversal is required because the judge assessed a
"promised" punishment.  He
points to the following comments by the trial judge, made immediately before
the imposition of deferred adjudication community supervision.

THE
COURT:      Now, you understand and I want
you to -- let's be clear, Mr. Whiteley, that you have to follow the terms of
this probation; that if you violate the terms of this probation, I'm going to
sentence you to prison for 20 years.  Do
you understand that?

 

THE DEFENDANT:          Yes,
sir.

THE
COURT:      With that understanding, you
still want me to accept the plea bargain and sign the Judgment?

 

THE DEFENDANT:          Yes,
sir.








The
initial question is whether the issue has been preserved for appellate review.
This Court reviewed a similar situation in Cole v. State, 757 S.W.2d 864
(Tex. App.STexarkana 1988, pet.
ref'd).[1]  In that case, the defendant claimed the trial
judge prejudged his sentence and failed to consider mitigating evidence.  We noted the defendant had been given the
opportunity to object, but failed to raise any objection to the punishment or
the procedures followed, either at the initial granting of deferred
adjudication or at the punishment hearing or sentencing.  We held that error was waived for failure to
voice an objection to the imposition of punishment or to the trial judge's
alleged failure to consider the evidence. 
Id. at 865-66 (trial judge wrote on docket sheet defendant would receive seventy‑five
years' imprisonment if he violated terms of deferred adjudication); see also
McClenan, 661 S.W.2d at 110. 
Appellate courts do not consider any error counsel could, but did not,
call to the trial judge's attention when the trial judge could have avoided or
corrected the error.  Cole, 757
S.W.2d at 866.

The
Dallas Court of Appeals has since agreed with our reasoning in a factually
similar case, likewise concluding that because there was no objection made to
the procedure or the punishment, the claim of error had been waived.  Cole v. State, 931 S.W.2d 578, 580
(Tex. App.SDallas 1995, pet. ref'd).








There
are cases in which appellate courts have concluded waiver was inapplicable, but
they involved situations where no punishment hearing was conducted, and thus
the defendant had no real opportunity to object.[2]  That is not our situation.  In this case, Whiteley did not object to the
trial judge's comments concerning a twenty-year sentence when he was initially
placed on deferred adjudication community supervision, nor did he object at the
sentencing phase of his revocation hearing when there was a clear opportunity
to do so.  Further, it is apparent from
the judge's initial soliloquy at the beginning of the punishment hearing he was
considering various options regarding Whiteley's incarceration or continuance
on community supervision and soliciting counsel's comments and suggestions
about a proper resolution.

In
light of these facts, we conclude the claim of error was not preserved for
appellate review.  Even if it had been,
the record does not show the trial judge had predetermined the sentence in this
case.  The contention of error is
overruled.      

We
affirm the judgment.

 

Donald R. Ross

Justice                                    

 








                                                         CONCURRING
OPINION

 

In
a deferred adjudication, the trial judge is bound by law to consider the entire
range of punishment.  When the trial
judge prejudges the sentence before the revocation, the judge has not provided
a consideration of the range of punishment as required by law.  This is a fundamental abuse of the system
that the Legislature has set up on deferred adjudications.  Such actions deny the defendant due process
when the trial judge refuses to consider the sentence made before hearing the
evidence on punishment.  Howard v.
State, 830 S.W.2d 785 (Tex. App.SSan Antonio 1992, pet. ref'd). 

I
strongly expressed my view of the trial judge's violation of the proper
procedure in this situation in the case of Cole v. State, 757 S.W.2d 864
(Tex. App.STexarkana 1988, pet. ref'd).








In
the present case, it is true that a defendant has an opportunity to seek
recusal of the trial judge before the revocation proceedings based on the trial
judge's statements at the time of granting the deferred adjudication.  Furthermore, the trial judge expressed a
willingness to consider different ranges of punishment at the time of the revocation
hearing.  The trial judge did sentence
the defendant to the maximum number of years the judge had predestined by
statements made at the time the defendant was granted the deferred
adjudication.  However, in light of the
fact that the judge heard and considered the evidence on punishment, and taking
into account his preliminary remarks at this hearing, there is no showing that
the judge did not consider the other ranges of punishment at the hearing.

I
would urge the Texas Court of Criminal Appeals to address this issue in terms
of clarifying that the law does not permit a court granting deferred
adjudication to announce the sentence before adjudication.  This is a matter that has not been addressed
by the Texas Court of Criminal Appeals. 
To allow such a procedure effectively denies the state, as well as the
defendant, the opportunity to have the punishment determined after the trial
judge has heard evidence from both sides in regard to punishment.

 

Ben Z. Grant

Justice

 

Date Submitted:        August 30, 2001

Date Decided:           October 19, 2001

 

Do Not Publish

 











[1]Chief Justice Cornelius wrote the
opinion, Justice Bleil concurred, and Justice Grant dissented.





[2]In Watson v. State, 884
S.W.2d 836, 838-39 (Tex. App.SEl Paso 1994), rev'd on other grounds, 924 S.W.2d 711 (Tex. Crim.
App. 1996), the court distinguished its case because the defendant had no
opportunity to object before sentence was pronounced.  It noted that although due process claims may be preserved in a
motion for new trial, it is not necessary to raise a point in a motion for new
trial in order to preserve the claim for review on appeal.

The Dallas
court, in Jefferson v. State, 803 S.W.2d 470, 472 (Tex. App.SDallas 1991, pet. ref'd), concluded
that a defendant could not complain that he needed to request relief (recusal
in that case) until after the judge had assessed punishment.  The court concluded the appellant did not
knowingly waive the right to a fair and unbiased tribunal.  The court also pointed out that until the
judge assesses punishment, the defendant is entitled to assume that the judge
will perform his or her solemn duty to assess punishment on consideration of
relevant evidence.  Id.  The court also stated that once the judge
assesses punishment based on factors such as his or her promised punishment
period, any recusal motion or objection would be futile.  Id.

The San Antonio court reviewed a similar situation, concluding there was
no indication the appellant had knowingly waived his right to a fair and
impartial forum and stating that the record did not disclose that a lesser
sentence than ninety-nine years was ever considered.  Howard v. State, 830 S.W.2d 785, 788-89 (Tex. App.SSan Antonio 1992, pet. ref'd).