COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-028-CR

 

 

LYNN CORNELIUS MURRAY                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








The trial court revoked
Appellant Lynn Cornelius Murray=s community supervision and sentenced him to eight years= confinement after finding true the State=s allegations that he violated multiple terms and conditions of his
community supervision.  In a single
issue, Murray complains that the trial court did not make an informed decision
when it sentenced him to eight years= confinement.  We affirm.

On January 10, 2003, Murray
pleaded guilty to the offense of burglary of a habitation.  The trial court sentenced Murray to eight
years= confinement, but it suspended imposition of the sentence and ordered
that he be placed on community supervision for five years.  The State filed its first amended motion to
revoke Murray=s community
supervision on September 29, 2005.  At
the hearing on the State=s motion,
Murray pleaded true to ten community supervision violations, including that he
tested positive for THC, failed to identify himself to a police officer, and
failed to avoid injurious or vicious habits, namely alcohol, marihuana, and
narcotics.  The State elicited testimony
from a police officer, who testified that Murray falsely identified himself;
from a sheriff=s deputy,
who had observed Murray=s
inappropriate behavior at court; and from Murray=s community supervision officer, who testified that Murray failed to
complete numerous community supervision tasks. 
The trial court ultimately revoked Murray=s community supervision and sentenced him to eight years= confinement.








To preserve a
complaint for our review, a party must have presented to the trial court a
timely request, objection, or motion that states the specific grounds for the
desired ruling if they are not apparent from the context of the request,
objection, or motion, and trial court must have ruled on the request,
objection, or motion, either expressly or implicitly, or the complaining party
must have objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(1), (2); Mosley v. State, 983 S.W.2d 249, 265
(Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999); Mendez v. State, 138 S.W.3d 334, 341
(Tex. Crim. App. 2004).








Murray states that he does
not contest the trial court=s decision to revoke his community supervision and that the trial
court was free to impose a sentence upon him anywhere within the range of two
to eight years.  Murray cites one case
for the proposition that the trial court cannot predetermine a sentence before
receiving evidence presented at the revocation hearing.  See Earley v. State, 855 S.W.2d 260,
261 (Tex. App.CCorpus
Christi 1993), pet. dism=d, improvidently granted, 872 S.W.2d
758 (Tex. Crim. App. 1994).  But he also
states that there is Ano evidence
in the record to . . . suggest that the trial court had predetermined [his]
sentence . . . .@  Murray=s sole argument is that the trial court did not make an informed decision
when it sentenced him to eight years= confinement because his original conviction and violations of
community supervision involve no acts of violence to any persons.  But the record does not demonstrate that Murray
asserted an objection or filed a motion complaining of the trial court=s alleged uninformed decision regarding imposition of his
sentence.  Murray has thus forfeited
appellate review of this point by failing to preserve error.  See Tex.
R. App. P. 33.1(a)(1)(A); Mercado v. State, 718 S.W.2d 291, 296
(Tex. Crim. App. 1986) (reasoning that appellant must raise an error pertaining
to his sentence or punishment in the trial court to preserve error); see
also Brown v. State, No. 2-05-211-CR, 2006 WL 59500, at *1-2 (Tex.
App.CFort Worth Jan. 12, 2006, pet. ref=d) (mem. op.) (not designated for publication) (addressing identical
argument).[2]  We overrule Murray=s sole issue and, accordingly, affirm the trial court=s judgment.  

 

PER CURIAM

 

PANEL F:    MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 28, 2006

 











[1]See Tex.
R. App. P. 47.4.





[2] Even if Murray had preserved
error, when the punishment assessed is within the range prescribed by statute,
as it is here, it is beyond the province of an appellate court to pass upon the
propriety of the sentence.  See Darden
v. State, 430 S.W.2d 494, 496 (Tex. Crim. App. 1968).