COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-028-CR

LYNN CORNELIUS MURRAY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The trial court revoked Appellant Lynn Cornelius Murray’s community supervision and sentenced him to eight years’ confinement after finding true the State’s allegations that he violated multiple terms and conditions of his community supervision.  In a single issue, Murray complains that the trial court did not make an informed decision when it sentenced him to eight years’ confinement.  We affirm.

On January 10, 2003, Murray pleaded guilty to the offense of burglary of a habitation.  The trial court sentenced Murray to eight years’ confinement, but it suspended imposition of the sentence and ordered that he be placed on community supervision for five years.  The State filed its first amended motion to revoke Murray’s community supervision on September 29, 2005.  At the hearing on the State’s motion, Murray pleaded true to ten community supervision violations, including that he tested positive for THC, failed to identify himself to a police officer, and failed to avoid injurious or vicious habits, namely alcohol, marihuana, and narcotics.  The State elicited testimony from a police officer, who testified that Murray falsely identified himself; from a sheriff’s deputy, who had observed Murray’s inappropriate behavior at court; and from Murray’s community supervision officer, who testified that Murray failed to complete numerous community supervision tasks.  The trial court ultimately revoked Murray’s community supervision and sentenced him to eight years’ confinement.

T
o preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion, and trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(1), (2); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

Murray states that he does not contest the trial court’s decision to revoke his community supervision and that the trial court was free to impose a sentence upon him anywhere within the range of two to eight years.  Murray cites one case for the proposition that the trial court cannot predetermine a sentence before receiving evidence presented at the revocation hearing.  
See Earley v. State
, 855 S.W.2d 260, 261 (Tex. App.—Corpus Christi 1993), 
pet. dism’d, improvidently granted
, 872 S.W.2d 758 (Tex. Crim. App. 1994).  But he also states that there is “no evidence in the record to . . . suggest that the trial court had predetermined [his] sentence . . . .”  Murray’s sole argument is that the trial court did not make an informed decision when it sentenced him to eight years’ confinement because his original conviction and violations of community supervision involve no acts of violence to any persons.  But the record does not demonstrate that Murray asserted an objection or filed a motion complaining of the trial court’s alleged uninformed decision regarding imposition of his sentence.  Murray has thus forfeited appellate review of this point by failing to preserve error.  
See 
Tex. R. App. P.
 33.1(a)(1)(A); 
Mercado v. State
, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (reasoning that appellant must raise an error pertaining to his sentence or punishment in the trial court to preserve error); 
see also
 
Brown v. State
, No. 2-05-211-CR, 2006 WL 59500, at *1-2 (Tex. App.—Fort Worth Jan. 12, 2006, pet. ref’d) (mem. op.) (not designated for publication) (addressing identical argument).
(footnote: 2)  We overrule Murray’s sole issue and, accordingly, affirm the trial court’s judgment.  

PER CURIAM

PANEL F: MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 28, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2: Even if Murray had preserved error, when the punishment assessed is within the range prescribed by statute, as it is here, it is beyond the province of an appellate court to pass upon the propriety of the sentence.  
See Darden v. State
, 430 S.W.2d 494, 496 (Tex. Crim. App. 1968).