In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-121 CR


____________________



WILLIAM COLUMBUS MERRELL, III, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 253rd District Court


Liberty County, Texas


Trial Cause No. CR23411






MEMORANDUM OPINION



 William Columbus Merrell, III appeals his conviction for indecency with a child. In
accordance with a plea bargain agreement, the trial court deferred adjudication of guilt and
placed Merrell on community supervision for five years. The State subsequently moved to
adjudicate. The trial court found eight separate violations of the community supervision
order to be true, sentenced Merrell to twenty years of confinement and imposed a $500 fine. 
Adjudication and sentencing occurred in the course of a single hearing. On appeal, the
appellant complains that he was denied his right to have an impartial judge, that he was
denied due process and due course of law because the trial court did not conduct a separate
hearing on punishment, and that the judgment is void because the trial court failed to
adjudicate his guilt. We affirm.

 In his first issue, Merrell argues that in pronouncing sentence the trial court judge
exhibited bias by stating "I find that in this circumstance you are just lucky this wasn't a first
degree felony." Merrell contends this comment establishes a violation of his right to a
neutral and detached hearing officer. See Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct.
1756, 36 L.Ed.2d 656 (1973); Earley v. State, 855 S.W.2d 260, 262 (Tex. App.--Corpus
Christi 1993), pet. dism'd, 872 S.W.2d 758 (Tex. Crim. App. 1994). Merrell concedes that
the timing of the comment distinguishes his case from Earley, but argues Earley applies
because the trial court did not receive punishment evidence. In Brumit v. State, the Court of
Criminal Appeals recognized that timing was the crucial factor in Earley, because the timing
of his comments showed that the trial court judge predetermined punishment. Brumit v.
State, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Among other comments made
immediately before pronouncing sentence, the trial court judge in Brumit told the defendant
that a case long ago made the judge feel that anyone who harmed a child should be put to
death. Id. at 640. The Court of Criminal Appeals held the judge's comments did not expose
an unconstitutional bias. Id. at 645. In Merrell's case, the trial court's comment may merely
have been a reference to the indictment, which accused Merrell of indecency by contact and
included a repeat felony offender allegation. See Tex. Pen. Code Ann. § 12.42(b) (Vernon
Supp. 2006). Furthermore, the comment followed a lengthy hearing that included defense
testimony from a psychologist who described both Merrell's sex offender evaluation and
treatment and the services that would be available in the prison system. Neither the
imposition of a pre-determined punishment nor the exclusion of evidence relevant to
punishment is established by this record. We overrule issue one.

 In his second issue, Merrell contends the trial court deprived Merrell of the
opportunity to present punishment evidence. See Issa v. State, 826 S.W.2d 159 (Tex. Crim.
App. 1992). As noted on review of his first issue, Merrell did present evidence relevant to
punishment during the hearing. Merrell did not request permission to present additional
evidence and neither objected during the hearing nor raised the issue in his motion for new
trial. See Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999)(motion for new
trial did not preserve Issa error for review because defendant was provided an opportunity
to object during the hearing); Pearson v. State, 994 S.W.2d 176 (Tex. Crim. App. 1999) (no
error occurred where defendant was provided opportunity to present evidence relevant to
punishment). Merrell failed to preserve error for review. Tex. R. App. P. 33.1. We overrule
issue two.

 In his third issue, Merrell argues the judgment is void because the trial court failed to
utter the phrase "your guilt is adjudicated." The trial court's failure to verbalize the
adjudication of guilt does not render the judgment void. Villela v. State, 564 S.W.2d 750,
751 (Tex. Crim. App. 1978). "[A] defendant has been adjudged guilty when the verdict
convicting him has been received and accepted by the trial judge." Jones v. State, 795
S.W.2d 199, 201 (Tex. Crim. App. 1990)(emphasis in original). "No further ritual or special
incantation from the bench is necessary to accomplish an adjudication of guilt beyond the
pronouncement of sentence as required by law." Id. We overrule issue three and affirm the
judgment.

 AFFIRMED.



 

 _______________________________

 STEVE McKEITHEN

 Chief Justice


 

Submitted on September 4, 2007

Opinion Delivered September 19, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.