In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00153-CR


______________________________




JEREMY DAVID VICK, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 36129-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Moseley



O P I N I O N



 Jeremy David Vick waived his right to a jury trial and pleaded guilty to committing the crime
of aggravated assault with a deadly weapon. See Tex. Penal Code Ann. § 22.02(a)(2) (Vernon
Supp. 2008). That offense is a second-degree felony. Tex. Penal Code Ann. § 22.02(b) (Vernon
Supp. 2008). Vick submitted the issue of punishment to the trial court's discretion; there was no
negotiated plea agreement with the State regarding punishment. The trial court denied Vick's
application for community supervision and assessed his punishment at ten years' imprisonment. 
Vick now appeals, contending the trial court abused its discretion by failing to consider Vick's
application for community supervision in assessing sentence in this case. Finding no error, we
affirm the trial court's judgment.

 "[A] trial court's arbitrary refusal to consider the entire range of punishment in a particular
case violates due process." Ex parte Brown, 158 S.W.3d 449, 456 n.11 (Tex. Crim. App. 2005)
(citing Gonzales v. Johnson, 994 F.Supp. 759, 762 (N.D. Tex. 1997); McClenan v. State, 661 S.W.2d
108, 110 (Tex. Crim. App. 1983); Earley v. State, 855 S.W.2d 260, 262-63 (Tex. App.--Corpus
Christi 1993), pet. dism'd, 872 S.W.2d 758 (Tex. Crim. App. 1994); Jefferson v. State, 803 S.W.2d
470, 472 (Tex. App.--Dallas 1991, pet. ref'd)); see also Brumit v. State, 206 S.W.3d 639, 645 (Tex.
Crim. App. 2006); Teixeira v. State, 89 S.W.3d 190, 192 (Tex. App.--Texarkana 2002, pet. ref'd). 
Due process mandates that the trial court conduct itself in an independent, neutral, and detached
manner. Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973) (referencing Morrissey v. Brewer, 408 U.S.
471, 489 (1972)); Earley v. State, 855 S.W.2d 260, 262 (Tex. App.--Corpus Christi 1993), pet.
dism'd, 872 S.W.2d 758 (Tex. Crim. App. 1994). However, absent evidence to the contrary found
within the appellate record, we presume the trial judge acted as a neutral and detached officer. 
Brumit, 206 S.W.3d at 645 (citing Thompson v. State, 641 S.W.2d 920, 921 (Tex. Crim. App.
1982)); Fielding v. State, 719 S.W.2d 361, 366 (Tex. App.--Dallas 1986, pet. ref'd).

 Vick's appellate complaint is based on the following exchange during the punishment
hearing:

 THE COURT: You know, he pled guilty to Paragraph 1, and you got a deadly
weapon finding. And you know what that means? This judge would have to defer
an adjudication of guilt. I'm not prepared to do that. If you think I'm going to defer
adjudication on a person who shows his disregard for the law not once, twice, three
times, four times, you think this judge is going to do that? You're wrong. Not going
to happen.


That, however, is only part of the trial court's discussion regarding sentencing. The remaining pages
of the transcript provide a more complete picture:

 [THE COURT:] Let me just go over some things. Go over the pre-sentence. 
Page 7, future goals. "Why do you think you're a good candidate for probation?" 
"Because I'm on the right path, trying to keep my life straight, trying to raise my son."


 The right path. Well, let's see what that path was. From the date of the
commission of this offense, July the 22nd of 2007, we know this: That in 2007 he --
no, I'll talk about 2008 will be fine, prefer to do that. February the 4th, 2008, evading
arrest in Morris County while out on bond for this offense, seventeen days later,
Harrison County, Texas, burglary of a vehicle. Convicted March the 10th, 2008,
Judge Ammerman placed him on probation for a period of 15 months. His call.


 Page 4 of the pre-sentence. May 8th, used marijuana, another violation of the
laws of the state of Texas. And he's on the right path? So you say. I think otherwise.


 His explanation for his conduct was being with the wrong people. The wrong
people weren't behind the wheel that caused serious injuries to another person who's
lawfully on the highways. Nope. And with respect to this use of marijuana in May,
I don't know if that occurred before he appeared before me on May the 12th or after
he walked out of this courtroom. All I know is in May. Either way, it doesn't show
someone that was on the right path, wanting to do what's right, straighten up. No
way.


 I have said it before, I say it again today from this bench, that deferred
adjudication is reserved, by this Court, with the intent of the law. And that's the
important thing. That was a good law that was passed by our legislature.


 Do you know what it was designed for, in my opinion? For those who came
before the Court pure as the driven snow, who one time, one time made a mistake,
violated the law, and the law says, "Well, we shouldn't put that on that person's
record. This is a person that's worthy of some special treatment."


 It was not intended for a person who was convicted in Bowie County
January the 5th, '07, one of the first breaks he got by the way, a felony unauthorized
use of a motor propelled vehicle was reduced to a theft misdemeanor and he got all
of 183 days in the county jail.


 It was not designed for a person who, on -- who in January and February of
2007, Upshur County, possessed marijuana and got all of 15 days in the county jail. 
Wasn't designed for that.


 It wasn't designed for a person who on February the 21st, '08, burglarized a
vehicle. Convicted March the 10th of '08. Got probation.


 That word probation is all too common in the handling of this individual. I
feel like the victims aren't going to understand what I'm about to do. I sympathize
with you, folks. I'm sorry you've suffered a great financial loss, but I'm trying to
prevent a greater loss in the future. 


 I have to take this person off the streets where he is no threat to you, he's no
threat to Mr. Smith, Ms. Brownlee, me or anyone else in this courtroom. And that
may seem harsh, but it's time he learned there are consequences to one's actions. 


 Come before the bench.


 (Defendant complies)


 THE COURT: Based upon your plea of guilty, based upon the evidence
offered in connection with that plea and beyond a reasonable doubt, I find you guilty
as charged in the bill of indictment, Count I, Paragraph A.


 I further make an affirmative finding that in the commission of that offense,
you did then and there use or exhibit a deadly weapon. There's no more probations
from this Court. You've used them all up, son.


 I assess your punishment [at] ten years' confinement in the Institutional
Division of the Texas Department of Criminal Justice, giving you credit on that
sentence for whatever time you've been in jail up to this point.


 Any reason in law this sentence should not now be formally pronounced?

 

 [PROSECUTOR]: None from the State.

 

 [DEFENSE COUNSEL]: None, your Honor.


 We first note that Vick did not raise any objection at trial regarding the trial court's alleged
failure to consider the entire range of punishment. A complaint is not preserved for appellate review
unless a timely objection is raised. Washington v. State, 71 S.W.3d 498, 499 (Tex. App.--Tyler
2002, no pet.); Cole v. State, 757 S.W.2d 864, 866 (Tex. App.--Texarkana 1988, pet. ref'd). 
Because Vick raised no objection, his complaint was waived for appellate review. Cf. Teixeira, 89
S.W.3d at 192; Washington, 71 S.W.3d at 499-500. (1)

 Moreover, we believe the record suggests the trial court did consider the possibility of
community supervision in this case. But the trial court further concluded community supervision
was inappropriate given Vick's repeated recent failures to obey the laws of Texas. Given this record,
and even had the issue been preserved for appellate review, we would not be inclined to agree with
Vick's contention that the trial court failed to consider his application for community supervision. 
Cf. Brumit, 206 S.W.3d at 645-46.

 For the reasons stated, we overrule Vick's sole point of error and affirm the trial court's
judgment.



 Bailey C. Moseley

 Justice


Date Submitted: October 20, 2008

Date Decided: October 21, 2008


Publish
1. We note, however, that the Texas Court of Criminal Appeals has not yet determined whether
an objection at trial is required to preserve an error of this nature on appeal. See Brumit, 206 S.W.3d
at 644-45 (declining to decide whether failure to object waives error before record substantively
refuted appellant's claim of biased sentencing judge).