

# NUMBERS 13-12-00641-CR and 13-12-00642-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

VICENTE MARTINEZ
A/K/A VICENTE MARTINEZ JR.,                          Appellant,

v.

THE STATE OF TEXAS,                                  Appellee.

## On appeal from the 347th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Vicente Martinez a/k/a Vicente Martinez Jr., appellant, appeals two theft convictions,[1] state-jail felonies, punished as second-degree felonies because of prior

---

[1] In appellate cause 13-12-641-CR, appellant was convicted for the theft of "CLOTHING AND ACCESSORIES, of the value of less than $1,500.00, from KOHL'S . . . ." In appellate cause 13-12-642-CR, appellant was convicted for the theft of "TOOLS, of the value of less than $1,500.00, from AUTOZONE . . . ."

offenses. *See* TEX. PENAL CODE ANN. §§ 31.03 (a), (b), (e) 4 (D) (West 2011). After appellant pleaded guilty to theft in each cause (without a plea agreement), the trial court sentenced appellant to ten years' confinement in the Texas Department of Criminal Justice, Institutional Division. The trial court ordered the sentences to run concurrently. By a single issue in each cause, appellant argues the trial court denied him due process when the judge made comments demonstrating partiality[2] and failed to consider the full range of punishment. We affirm.

## I. BACKGROUND

In the trial court, the two causes were heard together. Appellant was charged with theft of items from each of two stores, with a value of less than $1,500 per charge. After appellant entered his guilty plea for each cause, the trial court received evidence on the issue of punishment. Evidence of appellant's criminal history was presented to the court. Appellant testified in his own defense and explained he believed he should be sentenced to a drug-rehabilitation program instead of prison because his drug problem was the impetus for his criminal acts. After the State cross-examined appellant, and before sentencing, the following exchange occurred between appellant and the trial court:

THE COURT: Have you received any type of drug help on your own when you've been out?

[APPELLANT]: Since I been out?

THE COURT: No, no, no. Any time in your life when you were not committing one of these three pages worth of crimes, have you received any type of help?

[APPELLANT]: No.

---

2 In his brief, appellant complains of the trial court's "impartiality." However, it is clear from reading appellant's brief as a whole that his complaint concerns alleged partiality.

THE COURT:    You never ever thought—this is what kills me when you all come in here and you say I got a drug problem and I need some help because we never hear that when you are out on the street.   It is only when I am about to send you to prison for up to twenty years that all of a sudden we hear that.   So it makes the judges kind of jaded, if you can understand that.

Immediately following this exchange, appellant explained to the trial court that he had participated in "AA" voluntarily and attended church, but later "relapsed."   He also explained that he called a rehabilitation facility but could not receive help because he lacked the means to pay for the rehabilitation.

The trial court declined to place appellant on probation and sentenced him to ten years' confinement, citing appellant's extensive criminal history, his past probation, and the trial court's belief that he had not sought help for a drug problem on his own.   The trial court also expressed its belief that if appellant really wants help, he can get it in prison.

## II. ANALYSIS

Appellant argues the trial court's comments, quoted above, demonstrate partiality and the trial court's failure to consider the full punishment range, which deprived him of due process of law.   We disagree.

Due process requires a neutral and detached hearing body or officer.   *Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)).   However, absent a clear showing of bias, a trial court is presumed to have been neutral and detached.   *Id.*; *Earley v. State*, 855 S.W.2d 260, 262 (Tex. App.—Corpus Christi 1993, *pet. dism'd.*, 872 S.W.2d 758 (1994)).   As long as the trial court exercises its judgment in a constitutional manner, past judicial experience may be relevant to sentencing.   *See State v. Hart*, 342 S.W.3d 659, 675 (Tex. App.—Houston

3

[14th Dist.] 2011, pet. ref'd), *cert. denied*, 133 S.Ct. 121 (2012); *see also Barclay v. Florida*, 463 U.S. 939, 950 (1983) (plurality op.).

We recognize that appellant did not object to the trial court's comments in the trial court and that a timely, specific objection is generally necessary to preserve a complaint for appellate review. *See* TEX. R. APP. P. 33.1. However, because the record does not show the trial court acted improperly in sentencing, we need not reach the question of whether an objection was necessary to preserve error in this case. *See Brumit*, 206 S.W.3d at 644–45 ("We need not decide today whether an objection below is required to preserve an error of this nature on appeal because the record here does not reflect partiality of the trial court or that a predetermined sentence was imposed.").

In *Brumit*, the Court of Criminal Appeals held that a trial court's comments that an earlier case made it think that anyone who ever harmed a child should be put to death did not reflect bias, partiality, or the failure of the trial court to consider the full punishment range when the record showed otherwise. *See* 206 S.W.3d at 644–45. As in *Brumit*, the record in this case does not show the trial court acted partially or without considering the full punishment range. *See id.*; *cf. Earley*, 855 S.W.2d at 262–63 (concluding trial court violated due process when it expressed desire to impose life sentence before it had received any evidence). Instead, the record shows that the trial court considered the evidence of appellant's prior criminal history, probation, and failure to seek drug treatment, and that these factors influenced the sentence imposed. The trial court stated the punishment range, but did not impose the maximum sentence of twenty years per offense, opting instead to sentence appellant to ten years' confinement in each case, with the sentences to run concurrently. Because appellant has not overcome the

4

presumption that the trial court was neutral and detached, we overrule his sole issue in each appeal.   *See Brumit*, 206 S.W.3d at 645.

### III.  Conclusion

We affirm the trial court's judgments.

GREGORY T. PERKES
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
11th day of April, 2013.