**Opinion filed March 14, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00141-CR
_____

## SHONDEL SUNDWALL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-38,920**

## M E M O R A N D U M   O P I N I O N

Originally, Shondel Sundwall pleaded guilty to possession of a controlled substance, methamphetamine, of less than one gram. In accordance with a plea bargain agreement, the trial court deferred the adjudication of her guilt and placed her on community supervision for three years. Subsequently, the trial court revoked Sundwall's community supervision, found her guilty of possession of less

than one gram of methamphetamine, and assessed her punishment at confinement in a state jail facility for nineteen months. We affirm.

Less than one year after the trial court had placed Appellant on community supervision, the State filed a motion to revoke her community supervision and to adjudicate her guilt. The State later amended its motion to include an additional ground. In the amended motion, the State alleged that Appellant had violated five conditions of her community supervision. It alleged that Appellant had committed the offense of possession of methamphetamine; failed to report as directed on at least three occasions; failed to pay monthly fees on at least five occasions; failed to perform community services as directed; and failed to submit to and successfully complete drug and alcohol evaluation, counseling, or treatment as directed. Appellant entered a plea of true to the allegation that she had failed to pay fees for certain months but not others. She pleaded "not true" to the other four allegations. The trial court found that the allegation as to the methamphetamine possession was not true. It found that the remaining allegations were true.

In her first point, Appellant challenges the sufficiency of the evidence to support each of the four grounds for revocation that were found to be true. Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a trial court's revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd). We review a trial court's decision to adjudicate guilt in the same manner that we review a decision to revoke community supervision that was imposed after a finding of guilt. The trial court is the exclusive judge of the credibility of witnesses and the weight to be given their testimony and determines if the allegations in the motion to revoke are sufficiently demonstrated. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Because of the unique nature

of a revocation hearing and the trial court's broad discretion in this context, the general sufficiency standards do not apply. *Antwine*, 268 S.W.3d at 636–37. We review a trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

The trial court found that Appellant had violated, among other things, the condition that required her to report as directed to the community supervision officer. Appellant's argument as to this ground is twofold. She first argues that the State must show both that she violated a condition and that such a violation was willful and then contends that the State failed "to prove that she had the ability to report." Appellant cites no authority for the proposition that the failure to report must be willful. While it is true that the trial court must consider the defendant's ability to pay before revoking supervision for the failure to pay certain fees, *see Gipson v. State*, 383 S.W.3d 152, 157 (Tex. Crim. App. 2012), we find no authority for a similar requirement when the accused claims that she was unable to report.

Appellant's community supervision officer, April Lollar, testified that Appellant was required to report to her twice each month. Lollar testified that Appellant failed to report a second time in November 2011 and failed to report at all in December 2011. Appellant admitted that she did not report in December 2011, in January 2012, or in February 2012. Appellant had several excuses for why she could not report. Appellant claimed that she had an abscessed tooth, that she had been bitten by a brown recluse spider, and that her grandmother had died. Lollar spoke with Appellant over the phone on December 22, 2011, and told her to report by the end of the day, but Appellant did not comply.

Based on the record, we must conclude that the State met its burden of proving by a preponderance of the evidence that Appellant failed to report as ordered by her supervision officer. Here, the evidence of Appellant's failure to

report is sufficient to support the trial court's decision to revoke community supervision. *See Moore*, 605 S.W.2d at 926. After reviewing the evidence, we conclude that the trial court did not abuse its discretion when it revoked Appellant's community supervision. Appellant's first point is overruled.

In her second point, Appellant seems to contend that the trial court should have extended her term of supervision and allowed her additional time to satisfy the conditions because the violations that the trial court found true "were of administrative requirements and personal improvement," because "[s]he testified to several personal issues that prevented her from fulfilling requirements as of this date," and because this was the "first motion to revoke/adjudicate."

Trial courts possess broad discretion over defendants who are placed on community supervision, and this includes the discretion to modify, revoke, or continue the community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12 (West Supp. 2013); *Ex parte Tarver*, 725 S.W.2d 195, 200 (Tex. Crim. App. 1986). Due process requires a neutral and detached judge who considers the full range of punishment and the evidence presented. *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973).

A trial court that assesses a predetermined sentence deprives an accused of the right to due process by failing to consider the full range of evidence. *See Howard v. State*, 830 S.W.2d 785, 788 (Tex. App.—San Antonio 1992, pet. ref'd). In *Howard*, the trial court promised to assess the maximum sentence if the defendant failed to comply with the terms of probation, and it did. *Id.* On appeal, the court held that this violated the defendant's right to due process. *Id.* In *Early v. State*, the trial court did not promise a certain sentence but threatened to assess punishment at the top of the range if the defendant violated his probation conditions. 855 S.W.2d 260, 262 (Tex. App.—Corpus Christi 1993), *pet. dism'd, improvidently granted*, 872 S.W.2d 758 (Tex. Crim. App. 1994). Upon revocation,

4

the judge's comments that he wished the defendant had committed a first-degree felony instead of a third-degree felony "because I would like to give you life" showed that the judge decided the case before listening to the evidence. *Id.* at 262–63.

In this case, we cannot find any evidence to indicate that the trial court predetermined Appellant's sentence or that it failed to consider the evidence presented or the full range of punishment. The State alleged that Appellant had violated five separate conditions of community supervision. After finding four of those allegations true, the trial court adjudicated her guilt for the original offense of possession of methamphetamine. And, as discussed above, the evidence supported the trial court's decision to revoke. Before it assessed punishment, the trial court allowed Appellant to make a statement. Appellant was convicted of a state jail felony, and the trial court's sentence was within the allowable range. *See* TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2013).

Appellant argues that, if the court had "considered all of the evidence which [it] found 'True', common sense indicates that the sentence imposed was too high for the violations in a first motion," but we disagree. There is absolutely no evidence that the trial court made any comments indicating a predetermined sentence or that it failed to consider all of the evidence presented at the hearing. Appellant's second point is overruled.

We affirm the judgment of the trial court.


March 14, 2014                                                    JIM R. WRIGHT

Do not publish. *See* TEX. R. APP. P. 47.2(b).          CHIEF JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5