

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00277-CR

John Forrest **LOWE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B10794
Honorable Rex Emerson, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
    Marialyn Barnard, Justice
    Patricia O. Alvarez, Justice

Delivered and Filed:  December 2, 2015

AFFIRMED

John Forrest Lowe appeals the trial court's judgment revoking his community supervision and sentencing him to eight years' imprisonment.  Lowe contends the trial court violated his due process rights by predetermining his sentence and failing to consider the evidence presented at the revocation hearing.  We affirm the trial court's judgment.

### BACKGROUND

On September 2, 2011, Lowe pled guilty to the offense of burglary of a habitation.  In accordance with a plea bargain agreement, Lowe was sentenced to eight years' imprisonment;

however, his sentence was suspended, and he was placed on eight years' community supervision. The appellate record does not contain a reporter's record from the plea proceedings.

On December 5, 2012, the State filed a motion to revoke Lowe's community supervision, alleging numerous violations including: (1) committing the offense of driving while license suspended on October 8, 2012; (2) failing to report on October 17, 2012 and on November 1, 2012, for an administrative hearing regarding the new offense; (3) failing to pay probation fees for the months of July, August, and October 2012; and (4) failing to perform community service. On March 12, 2015, the State filed an amended motion to revoke adding the additional violations of: (1) failing to report each month from November of 2012 through March of 2015; (2) failing to permit the probation officer to conduct a field visit on July 6, 2012; and (3) failing to pay probation fees each month from July 2012 through March of 2015. A hearing was held on the State's motion on April 2, 2015. At the conclusion of the hearing, the trial court revoked Lowe's community supervision and sentenced him to eight years' imprisonment. Lowe appeals.

## DISCUSSION

Lowe contends his due process rights were violated because the record establishes the trial judge predetermined his sentence. When Lowe was initially placed on community supervision, Lowe asserts the trial judge promised to impose an eight-year sentence if Lowe violated the conditions of his community supervision. Lowe further asserts the trial judge failed to consider the evidence presented at the revocation hearing and, instead, imposed the predetermined sentence he previously promised to impose. "[D]espite a judge's wide discretion in determining the proper punishment in a revocation hearing, due process requires the right to a hearing before a neutral and detached hearing body." *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). "A court's arbitrary refusal to consider the entire range of punishment is a denial of due process." *Id*. "Absent a clear showing of bias," however, "a trial court's actions will be presumed to have been correct."

*Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *see also Youkers v. State*, 400 S.W.3d 200, 208 (Tex. App.—Dallas 2013, pet. ref'd) (same).

In *Terrill v. State*, this court recently considered the same issue presented by Lowe in this appeal. No. 04-14-00571-CR, 2015 WL 4116005 (Tex. App.—San Antonio July 8, 2015, no pet.) (mem. op., not designated for publication). In that case, the appellant was on deferred adjudication community supervision. *Id*. at *1. Unlike the instant case, however, the appellate record included a reporter's record from the trial court's prior hearing on the State's first motion to adjudicate. *Id*. at *1. During the prior hearing, the trial court cautioned the appellant stating, "Any other violation no matter what it is, the Court will revoke and send you to prison." *Id*. The trial court also assured the complainant's family that the appellant would "receive the maximum penalty available to this Court by law" in the event of any future violations. *Id*. After a hearing on a subsequent motion to adjudicate, the trial court adjudicated the appellant's guilt and sentenced him to fifteen years' imprisonment. *Id*. at *2.

On appeal, the appellant argued "the trial court violated his due process rights by failing to consider the mitigating evidence and the full range of punishment and for not being fair and impartial." *Id*. at *3. This court initially noted the Texas Court of Criminal Appeals had "stated that a trial judge's 'admonition — that he would impose the maximum sentence if [the defendant] violated his probation — does not, by itself, show prejudgment of punishment.'" *Id*. (quoting *Ex parte Brown*, 158 S.W.3d 449, 453 (Tex. Crim. App. 2005)). "Instead, the cases establish such an admonition must be accompanied by additional evidence or record support to establish a trial judge's bias or failure to consider the entire range of punishment." *Id*. For example, in a prior decision, we "relied not only on the trial judge's earlier admonition but also on statements made by the trial court at the actual sentencing hearing to support [our] conclusion that the trial court failed to consider the full range of punishment." *Id*. at *4 (citing *Howard v. State*, 830 S.W.2d

785, 787-89 (Tex. App.—San Antonio 1992, pet. ref'd)); *see also Earley v. State*, 855 S.W.2d 260, 262-63 (Tex. App.—Corpus Christi 1993), *pet. dism'd as improvidently granted*, 872 S.W.2d 758 (Tex. Crim. App. 1994) (relying on comments made during revocation hearing in addition to initial admonition to conclude appellant was denied due course of law); *Jefferson v. State*, 803 S.W.2d 470, 471-73 (Tex. App.—Dallas 1991, pet. ref'd) (holding appellant denied due process when trial judge imposed twenty-year sentence after probation officer informed trial judge he promised the defendant twenty years if he violated his probation). Noting the trial court never referred to its earlier admonishment and pronounced sentence only after listening to all of the evidence presented at the adjudication hearing, we held the record did not contain a clear showing of bias sufficient to overcome the presumption that the trial court acted properly. *Terrill*, 2015 WL 4116005, at \*4 (citing *Brumit*, 206 S.W.3d at 645).

In the instant case, no record from the initial sentencing hearing is included in the appellate record; therefore, there is no record of any comment made by the trial court when Lowe was initially placed on community supervision. At the hearing on the State's motion to revoke, Lowe pled true to the violations alleged by the State, and the probation officer testified about the violations. Lowe also testified, stating he was afraid to report after he was ticketed for driving with a suspended license because he was afraid he would be arrested and needed to care for his children. Lowe described the care he provided for his four children, including his youngest daughter who needed counseling for autism. Lowe further testified he taught martial arts and cared for his grandmother who suffered from dementia. Lowe stated he learned a lot during the three months he was in jail awaiting the hearing on the State's motion and begged the trial court for mercy. Lowe provided the trial court with letters of support from his children and from numerous relatives and friends. On cross-examination, Lowe testified he did not drive after he was ticketed and no longer even owned the vehicle.

At the conclusion of the testimony, the trial court and the defendant engaged in the following exchange:

> THE COURT: You know, the really sad thing about all this, Mr. Lowe, is that you have a lot of folks that rely on you.
> THE DEFENDANT: Yes, sir.
> THE COURT: And you have a lot of folks that love you. And you had those same obligations back in September of 2011, didn't you?
> THE DEFENDANT: Yes, sir, I did.
> THE COURT: When [defense counsel] was asking you questions, you made a comment that the worst thing you could have done is not report.
> THE DEFENDANT: Absolutely.
> THE COURT: And you're right.
> THE DEFENDANT: I know.
> THE COURT: Because the DWLS by itself created an issue, but the fact you completely quit doing anything you are supposed to do turned it into a major issue.
> THE DEFENDANT: I realize that.
> THE COURT: Do you remember being back — as a matter of fact, I think I was the Judge. Do you remember being in front of me back on September 2, 2011?
> THE DEFENDANT: Yes, sir, I do.
> THE COURT: Do you remember after you went through this document with your attorney, you stood up before the bench and we went through all the terms and conditions and talked about your probation and talked about the judgment itself.
> THE DEFENDANT: Yes, sir, I do.
> THE COURT: And if I'm not mistaken, at that time — I think at that time you expressed the fact that your family was relying on you and you were looking forward to taking care of your kids.
> THE DEFENDANT: Yes, sir. I did — like I said, I did see the mom a little bit. That many years ago, I believe that she was helping me at the time. She left during the middle of all of this for the last time where we couldn't see her anymore. She started slowly working her way out of our life.
> THE COURT: Court, having considered the evidence, argument of counsel and credibility of the witnesses, is going to enter a finding of true as to the State's allegations on A, D, E, J3 and P.
> Mr. Lowe, do you remember standing before me and I told you that this was a contract between you and the Court? You had obligations you were supposed to take care of?
> THE DEFENDANT: Yes, sir.
> THE COURT: And the Court had obligations it would take care of?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you understand that?
> THE DEFENDANT: I do.
> THE COURT: At that time, what you told me is that you agreed that if you blew your probation, you could go to TDC for eight years. Do you remember that?

THE DEFENDANT: Yes, sir.

THE COURT: At this time the Court is going to revoke your probation, and I'm going to take you as a man of your word, Mr. Lowe. I'm going to order you confined in the Texas Department of Criminal Justice for a period of eight years. If you don't have a significant history, you will be eligible for parole in a fairly short period of time, but that's between you and the Texas Department of Criminal Justice Parole Board. Do you understand?

THE DEFENDANT: Yes, sir.

THE COURT: I wish you the best.

Lowe relies on the trial court's reference to the prior sentencing hearing to support his contention that the trial court predetermined his sentence. Unlike the cited cases in which the appellate record established the trial court itself made statements regarding the punishment it would impose in the event of a violation, the trial court's reference in this case is a reference to Lowe acknowledging that he could go to prison for eight years if he violated the terms of his probation. Furthermore, the foregoing exchange clearly indicates that the trial court did consider the evidence presented by Lowe during the revocation hearing because the trial court acknowledged Lowe had many people relying on him who loved him. The trial court further recalled Lowe testified to having the same responsibilities to care for his children when he was placed on probation. The trial court also noted, however, that the evidence showed Lowe decided to "completely quit doing anything" after the subsequent offense even though Lowe understood not reporting was the worst thing he could do. In the context of this exchange, we do not construe the trial court's reference to Lowe's acknowledgment of his possible prison term in the event of a violation as a "clear showing of bias." *Brumit*, 206 S.W.3d at 645. Accordingly, we hold the record does not establish the trial court arbitrarily refused to consider the mitigating evidence presented and the entire range of punishment. Therefore, we overrule Lowe's issues.

**CONCLUSION**

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH