

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0922-07

### DON TERRELL, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### BRAZOS COUNTY

KEASLER, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, WOMACK, HERVEY, and COCHRAN, JJ., joined. PRICE, JOHNSON, and HOLCOMB, JJ. dissented.

## O P I N I O N

Shortly after police began investigating Don Terrell for exposing his penis to a child, Terrell voluntarily went to the Bryan Police Department "to clear his name." Detective Nevue interviewed Terrell about the offense while Officer Kelly Davis watched from the next room, which contained recording equipment. Detective Nevue recorded the interview on audio and video tapes. At trial, Officer Davis testified that, after conducting a thorough

search for the tapes in the property index, she was unable to determine what happened to them.  Detective Nevue also interviewed the complainant at the complainant's house after interviewing Terrell. Detective Nevue made an audio recording of the interview.  Officer Davis testified that she was also unable to locate the tape of this interview in the property index.

After the close of evidence, but before the jury was charged, Terrell moved to dismiss the indictment.  He claimed that the State violated his due process rights under the Fifth Amendment to the United States Constitution and Article I, Section 19 of the Texas Constitution because of its inability to produce the tapes.  The trial judge overruled Terrell's request, and the jury later found Terrell guilty of indecency with a child by exposure and sentenced him to thirteen years' imprisonment.

Before the Waco Court of Appeals, Terrell argued, among other things, that the trial judge erred in overruling his motion to dismiss based on the due course of law provision in the Texas Constitution.[1]  In addressing Terrell's claim, the court of appeals relied on its decision in *Pena v. State*, which held that Texas's due course of law provision provides a greater level of protection than the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[2]  After a lengthy analysis, the court ultimately held that Terrell's

---

[1] *Terrell v. State*, 228 S.W.3d 343, 345 (Tex. App.—Waco 2007).

[2] *Id.* (citing *Pena v. State (Pena III)*, 226 S.W.3d 634 (Tex. App.—Waco, 2007, pet. granted)).

due course of law rights were not violated and affirmed his conviction and sentence.[3]

We granted review to determine whether the due course of law provision affords greater protection than the Due Process Clause when the State loses or destroys evidence and, if so, what standard applies to such a violation. However, based on our decision today in *Pena v. State (Pena IV)*,[4] we conclude that the court of appeals erred in failing to consider whether Terrell preserved his particular due course of law complaint for appellate review. Therefore, we reverse the judgment of the court of appeals and remand the case so that the court can determine whether Terrell's specific due course of law complaint was timely and specific under Texas Rule of Appellate Procedure 33.1.[5]

DATE DELIVERED: April 8, 2009
PUBLISH

---

[3] *Id.* at 346-48.

[4] No. PD-1411-07 (Tex. Crim. App. April 8, 2009).

[5] *See Jones v. State*, 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion.").