IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00151-CR

 

Don Terrell,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 85th District
Court

Brazos County, Texas

Trial Court No. 03-04527-CRF

 



Opinion ON remand



 








            Don Terrell was convicted of
indecency with a child and was sentenced to thirteen years in prison.  Terrell
contends the trial court erred in denying his motion to dismiss because the
State’s failure to preserve several taped interviews violated his due course of
law rights under the Texas Constitution.  See Tex. Const. art. I, § 19.

            On original submission, this
Court, holding that the failure to preserve the tapes did not violate Terrell’s
due course of law rights, affirmed Terrell’s conviction.  See Terrell v.
State, 228 S.W.3d 343, 347-48 (Tex. App.—Waco 2007).  Chief Justice Gray
concurred only in the judgment affirming Terrell’s conviction.  See id. at
348-49.  The Court of Criminal Appeals reversed and remanded the case to this
Court to determine whether Terrell’s specific due course of law complaint was
timely and specific under Texas Rule of Appellate Procedure 33.1.  See
Terrell v. State, --- S.W.3d ---, 2009 WL 928587 (Tex. Crim. App. Apr. 8,
2009).

            Rule 33.1 states, in part:

(a)  
 In General. 
As a prerequisite to presenting a complaint for appellate review, the record
must show that:

 

(1)  
the complaint was
made to the trial court by a timely request, objection, or motion that:

 

(A)
 stated the grounds
for the ruling that the complaining party sought from the trial court with
sufficient specificity to make the trial court aware of the complaint, unless
the specific grounds were apparent from the context.

 

Tex. R. App. P.
33.1.  

This Rule encompasses the concept of
“party responsibility.”  The complaining party bears the responsibility of
clearly conveying to the trial judge the particular complaint, including the
precise and proper application of the law as well as the underlying rationale. 
Error preservation does not involve a hyper-technical or formalistic use of
words or phrases; instead, “[s]traight forward communication in plain English”
is sufficient.  To avoid forfeiting a complaint on appeal, the party must “let
the trial judge know what he wants, why he thinks he is entitled to it, and to
do so clearly enough for the judge to understand him at a time when the judge
is in the proper position to do something about it.”  This gives the trial
judge and the opposing party an opportunity to correct the error.  Whether a
party’s particular complaint is preserved depends on whether the complaint on
appeal comports with the complaint made at trial.  In making this
determination, we consider the context in which the complaint was made and the
parties’ shared understanding at that time.

 

Pena v. State, 285 S.W.3d 459, 463-64 (Tex. Crim.
App. 2009) (citations omitted).

            In this case, Terrell’s
specific due course of law complaint is that Article 1, Section 19 of the Texas
Constitution provides greater protections than the United States Constitution
as it pertains to lost or destroyed evidence and that, because of this, the
State’s failure to preserve the audiotape and videotape of Terrell’s police
interview and the audiotape of the victim’s police interview violated his due
course of law rights under the Texas Constitution.  Terrell made the following
motion before the trial judge:

            Judge, I also would --
outside the presence of the jury prior to the charging of the jury -- after the
closing of the evidence would urge a motion for directed verdict and a motion
to dismiss based upon the following facts:  Judge, the testimony from Detective
Davis indicates that there were two audiotaped statements and one videotaped
statement made during the investigation of this case.  An audiotape -- an
audiotape recording of Don Terrell, a videotape recording that was made of Don
Terrell, and an audiotape recording of the complainant [N.M.] that was done on
the afternoon of October the 15th, 2003.  Detective Davis testified that she
was not able to produce those; that they were lost; that there had been
attempts made to locate those pieces of evidence but they have been lost. 
Based upon that -- based upon that testimony and the unavailability of the
evidence related to the statements -- the two statements or the audio and
videotaped statements of Don Terrell done during the investigation stage and
the audiotape of [N.M.], Judge, we would request the Court direct a verdict of
acquittal or in the alternative consider a dismissal of the indictment prior to
the charging of the jury based upon violation of Mr. Terrell’s due process of
law rights under the United States Constitution Article 5 -- I mean Amendment 5
and Article -- and the 14th Amendment of the United States Constitution and --
as well as Article 1, Section 19 of the Texas Constitution both of which
guarantee due process of law both at the state and federal level.  

 

            We would -- I have -- I
would also ask that there -- the Court consider other Constitutional
guarantees, specifically the inability to render effective assistance of
counsel under the United States Constitution, the Sixth Amendment and the Texas
Constitution Article 1, Section 10 based upon the unavailability of that
material evidence based upon the testimony of Detective Davis.

 

            I have no -- I have done
research on this case.  I recognize that there is no indication that there was
some intentional misappropriation or exfoliation [sic] of this evidence, it was
just lost; nevertheless -- and I’ve done research based upon that.  I was not
able to come up with any case law that would help the Court in this matter.  I
also recognize I had a full and adequate opportunity to cross-examine [N.M.]
based upon the handwritten statement and collateral and impeach her based on
statements that were made or omissions as well.

 

Terrell did not argue before the trial
court that the Texas Constitution provides greater protection than the federal
Due Process Clause.  Thus, he failed to preserve his complaint that the due
course of law provides greater protection for appellate review.  See Pena,
285 S.W.3d at 464 (“We hold that, by failing to distinguish the rights and
protections afforded under the Texas due course of law provision from those
provided under the Fourteenth Amendment before the trial judge in this context,
Pena failed to preserve his complaint that the due course of law provides
greater protection for appellate review.”).  We thus overrule Terrell’s point
and affirm the trial court’s judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed December 16, 2009

Publish

[CR25]

 






 on eyewitness identification at trial following a pretrial identification by photograph will be
set aside on that ground only if the photographic identification procedure was so impermissibly
suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Id.
          We do not find that Sergeant Lawrence's procedure was so impermissibly suggestive that
it resulted in an irreparable misidentification. Sergeant Lawrence made no attempt to coerce Mr.
Phung into an identification; he never suggested to Mr. Phung that one of the photos was of
Appellant or that he had any evidence incriminating any of the persons in the photo array. 
Further, Mr. Phung had ample opportunity to view his assailant: he was face-to-face with him for
five minutes in a small, well-lit convenience store while the robbery was being committed. The
court could have reasonably found that Mr. Phung identified Appellant not because his likeness
had been subconsciously imprinted in his mind but because he recognized Appellant as the man
who had tried to rob him. Based upon these facts, we conclude that Sergeant Lawrence's photo
array was not so impermissibly suggestive as to give rise to a substantial likelihood of irreparable
misidentification.
          Appellant's second point of error is overruled, and we affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice
Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and file August 15, 1991
Do not publish